Parker C. J.
delivered the opinion of the Court. The . demandant, together with one Hobbs, purchased at a sheriff’s sale the equity of redemption of the estate demanded, then unda. mortgage to the Commonwealth Insurance Company, it having been attached at the suit of Hobbs on the 3d of September, 1824. This title must prevail, unless the title of the mortgager, Adna Bates, was before transferred by a legal conveyance. The tenant sets up a conveyance from Bates, purporting to have been made for a valuable consideration, on the 1st of September of the same year, which of course prevents the operation of the sheriff’s sale, if it is valid in law. But this conveyance is disputed, on the ground that it was without any legal consideration, and so, ineffectual to pass the title against the creditors of Bates.
It appearing by the testimony of the subscribing witness to this deed, that no such consideration as is expressed was paid by the tenant, she offered to show in evidence, that when the mortgage was made by Bates to the insurance company, the wife of Bates, who is the daughter of the tenant, was prevailed upon to execute the deed whereby she released her right of dower in the estate mortgaged, on the engagement of her husband that the right in equity to redeem should be secured to her, and that on the same day the mortgage was executed, in consideration that she would so relinquish her right of dower,
Bates, then being sick and not expected to live long, being much in debt and having little or nothing to support his wife and family in case of his death, executed the deed to tire ten ant, of his right in the estate, subject to the mortgage, with the understanding and intent that the tenant should hold the same in trust for the wife of Bates. This was done under the advice of friends and counsel, the wife having refused to relinquish her right to dower until this arrangement was proposed and agreed to be executed. The deed to the tenant expresses no trust, nor has she yet executed any written declaration of trust, though it *546 is stated that she is ready and willing to execute any instrument or writing which may be necessary for that purpose.
The evidence of these facts was rejected by the judge at the trial; so there being no evidence of a consideration for the deed, it was held to be inoperative against creditors, and the tenant was defaulted, with liberty to move to take off the default, and to refer the question of the competency of the evidence offered, to the whole Court.
Several points arise out of this state of the question, which we have considered with much attention.
1. Is it competent to this tenant to avail herself of the facts proposed to be proved, in order to give validity to the deed to her, on which she relies for her defence ?
The consideration proposed to be proved is different from that which is expressed in the deed, and it is objected that the deed is conclusive upon this point; but we think it has been reasonably settled, that this matter is open to evidence. More or less than is expressed in a deed may be proved by parol evidence as the consideration, and even a different consideration, if valuable, may be proved. A deed is valid in law with any valuable consideration, however small; but as inadequateness of consideration may be relied on as evidence of fraud, the party claiming under it may show that another and a greater consideration was given than that which is expressed ; and this is done to rebut the presumption of fraud, which might arise from the apparent consideration in the deed. Cases of this sort are of frequent occurrence in the investigation of conveyances alleged to be fraudulent. [1]
And it is not necessary that the consideration should pass immediately from the grantee to the grantor. [2] If A bargains for land with B, and pays the agreed price, and at A’s request the deed is made to C, without any fraudulent intent, C may maintain his title to the land by proving the consideration so paid. And even if the design of the conveyance were, that C should hold the land in trust for A, but he has executed no writing by which that trust can be legally proved, still the title *547 of C cannot be impeached by a creditor of B on that account, for a dec aration of trust may at any time afterwards be executed, or A may confide in the integrity of C, and it is a matter only between A and C whether the trust be executed or not. In the case supposed, B has obtained the value of his land and his creditors are not necessarily injured It would be for a jury, on trial, to determine whether the transaction was bond fide, and for sufficient consideration, or a contrivance to cover the property from the creditors of B ; and on this question the value of the land, compared with the amount of the consideration, would be an important ingredient.
It is then to be considered, whether, the wife being virtually the purchaser from the husband, (admitting the conveyance to be otherwise good,) this relation prevents the operation of such a conveyance.
It is undoubtedly clear, that a mere voluntary settlement made by a husband upon his wife, during the marriage, he being in debt, is void against creditors ; but it is equally clear, that a conveyance made in trust for the wife, after marriage, upon the transfer to him by the wife of an equivalent out of her property, will be established, both in equity and at law ; and it ought to be so, for the case supposes, that whatever is taken from the funds of the husband, whereby he might satisfy his creditors, is replaced by an equal amount from the funds of the wife, which his creditors could not otherwise reach. Post-nuptial contracts are sanctioned upon this principle, and the convenience and interest of families frequently require such ex changes. If they are honest, they ought to be supported ; if feigned or pretended, they will be uncovered and defeated.
The case will depend then upon the nature and value of the property or interest which is parted with by the wife, as the consideration of what she takes from the husband. If it be an estate absolute and vested, there would be no question, except as to its adequacy to the estate or right acquired, and this would be settled like all other cases in which conveyances are impeached on the suggestion of covin or fraud.
The case before us presents a question not quite so clear, but yet settled, as we think, by respectable authority. The consideration for this intended settlement on the wife, was her *548 right of dower in the estate which the husband was about to mortgage. Without her relinquishment, he could not raise the money wanted for his support and his debts. His days were numbered by intemperance and disease. Though she had no actual estate in the dower during the life of her husband, yet she had an interest and a right of which she could not be divested but by her consent or crime, or her dying before her husband. It was a valuable interest, which is frequently the subject of contract and bargain ; it was an interest wdiich the law recognises as the subject of conveyance by fine in England, and by deed with us. It is more or less valuable according to the relative ages, constitutions and habits of the husband and wife. It is more than a possibility, and may well be denominated a contingent interest.[1] Now if we find that the surrender or conveyance by the wife, of a contingent interest in property, is a sufficient consideration for the settlement of property by the husband upon her, then it is clear that the default in this case should be taken off, and.that the parties should go to trial upon the general merits of this settlement. And we think, although there are authorities for both sides of the proposition, the weight of them is clearly with the affirmative.
The strongest case cited by the demandant’s counsel, indeed the only one directly to the point, is that of Dolin v. Coliman, 1 Vern. 294, in which a conveyance to the wife, of the whole equity of redemption in land which the husband had mortgaged and in which she had relinquished her right of dower, was set aside in favor of two subsequent mortgagees of the husband They, however, were subsequent purchasers, not creditors, and a distinction exists in favor of purchasers by St. 27 Eliz. which does not hold in favor of creditors under the 13th of the same queen, for there must be fraud in the latter case to avoid the conveyance.
A late writer on marriage settlements, Atherley, (p. 162,) who appears to have thoroughly considered the subject, and has reviewed all the authorities, says, “ This case is bul shortly reported, and the reasons for the decision do not very *549 clearly appear. The reason, most probably, was, that the settlement was more than a reasonable equivalent for the interest the wife had parted with : and if so, the case of Dolin v. Coltman in nowise affects the position, that parting with a right of dower will support a settlement after marriage.” This writer also supports the position, taken in this opinion, that the consideration need not be expressed in the deed; for he says, if the settlement, on the face of it, appears to be purely voluntary, no notice being taken of the wife having released her jointure, &c. ; yet if the fact of her having done so can be shown to have taken place about the same time that the settlement was made, the court will presume the settlement to have been made for that consideration. Ibid. 164.
The authority principally relied on in support of his conclusion is Ward v. Shallet, 2 Ves. sen. 16 ; which case fully justifies the position. The wife holding a bond from the husband, upon which judgment was not entered up, so that she had no lien on his estate, and the bond being payable only in case of her surviving, as is to be supposed, for it is called a contingent interest, gave up the bond and took an annuity from the husband out of his estate. This was held good against creditors, and the chancellor said there was no distinction, in this respect, between contingent and vested interests.
In the case of Scot v. Bell, 2 Lev. 70, it was decided, that a jointured wife may, by renouncing her present provision, become a purchaser for a valuable consideration from her husband, of an ample provision for herself. This was a case at law ; as was also the case of Lavender v. Blackstone, 2 Lev. 146. Indeed there seems to be no distinction in principle, between a relinquishment of a jointure and of dower, both being contingent upon the surviving of the wife, and equally certain as to the accruing of the estate in case of such surviving.
Roberts, in his treatise on fraudulent conveyances, seems to think it not settled, that if a. married woman suffers a fine to bar herself of dower, such act will be a good consideration for a settlement by the husband, though the intimations of the court in the case of Lavender v. Blackstone, are strong to that effect. The words of the court .are, “ That as the wife did not join m the fine which was levied by the husband, of his estate tail, *550 she continued dowable, but if she had joined, it might have made the settlement to be upon good consideration, which otherwise was merely voluntary.” And Roberts concludes his examination of the cases by the remark, “ It seems reasonable to presume, that if the wife, in the case of Scot v Bell, had joined in the fine for the purpose only of barring her dower, instead of parting with her jointure interest in the manor of black-acre ; and in consideration of her joining for such purpose, the husband had limited a life estate to her in his lands at white-acre, such estate would have been good and supportable against creditors or subsequent purchasers for valuable consideration.”
Chancellor 'Kent, in his valuable Commentaries, vol. 2, p. 139, 145, [3d ed. 173, et seq.,} cites these authorities, and advances the position, that post-nuptial contracts founded on the transfer by the wife, of a contingent interest only, are va id against creditors.
We think, then, there is ample authority for adopting the principle, that a relinquishment of dower by the wife, living the husband, is a good and valuable consideration for a conveyance by the husband to the wife, of property which may be considered but a fair equivalent, and that such a conveyance will be valid or otherwise, according as it shall appear on the trial that it was fair or fraudulent, like conveyances by the husband to other persons ; on which trial the comparative value of the estate granted and of the consideration will be taken into view. The writer before cited (Atherley) observes on this part of the subject, that even if the authorities had not so well settled the point, there could be no reason for holding that a settle ment was bad, merely because it arose out of an arrangement between husband and wife, for in inquiring into the validity of post-nuptial settlements, the true and only point of inquiry is, whether the settler has received a fair and reasonable consideration for the thing settled, so as to repel the presumption of fraud.
That the wife takes a fee, instead of a life estate, is of no importance, excepting m ascertaining the comparative value, with a view to the honesty of the transaction. We find that it is equally well settled, that a consideration of this nature *551 passing from the wife to the husband, is sufficient to support a settlement upon children ; and this may as well be done by giving the wife an inheritable estate, as by a direct settlement upon them.
We are quite satisfied with the justice of this principle of law, and are glad to find it rests on authority as well as reason , for under the restrictions mentioned, creditors cannot be injuied ; the husband’s estate, to which they may look, not having been impaired substantially by such arrangements. Whenever it shall appear, that such settlements are but pretexts to secure a beneficial property to the husband, or wife, or children, the law will lay bare the transaction and defeat the contrivance, however ingeniously it may have been devised.[1]

 See Allison v. Kurtz, 2 Watts, 185; Griswold v. Messenger, 6 Pick. (2nd :.) 519, note 1.

 See Violett v. Patton, 5 Cranch, 142; Cabot v. Haskins, 3 Pick. 83.

 An inchoate right of dower is an existing incumbrance on land and not a mere possibility or contingency. Porter v. Noyes, 2 Greenl. 22.

 See Needham v. Sanger, 17 Pick. 500; Pierce v. Thompson, 17 Pick. 393, 394; Clark v. Wentworth, 6 Greenl. 259; Williams v. Thompson, 13 Pick. 298.