Judge Roane
pronounced the opinion of the court.
The"'court is of opinion, that although it is not competent to a husband, after his marriage, to defeat or obstruct his creditors by a sale or exchange of his property, and by taking a conveyance of the money or property received therefor, to the use, or for the benefit of his wife or family ; (such conveyances being deemed voluntary and fraudulent, in relation to creditors;) yet that the case may be otherwise, in relation to so much of such money or property as goes to compensate the just, interests of the wife; and it appearing, from *259 t,h'e answer of F. IV. Quarles, exhibited in this case, that a part of the King William lands in the proceedings mentioned, or the proceeds thereof, was intended to be settled on Mrs. Quarles, in lieu of her dower in the lot in Richmond, sold by her husband, and her dower in which was relinquished in consideration thereof, the court would be of opinion to reverse the decree, on the ground of not receiving that answer, and permitting the appellant to verify the fact, but for the circumstance that enough of the surplus proceeds of the said King William lands will be left to compensate her right of dower aforesaid, under any reasonable calculation, after the appellees debt, as well as that of Robert Baylor, shall have been first paid.
The court is also of opinion, that the sale of the land in the proceedings mentioned having been made by one of two trustees, and bought in by him for the benefit of both, at a very inadequate price; that the said sale not having been made pursuant to the decree of King William Court, which directed as much of the land to be sold as would pay the debt in the decree mentioned; (which excludes the power of selling in smaller quantities;) and the same having, in this ease, been sold in smaller quantities at different times 5 (a circumstance which, even in the opinion of the trustees themselves, may have diminished the price obtained therefor ;) and that the said sale having been also made under a general impression existing in the neighbourhood, (of which, however, the trustees are not proved to have had knowledge,) that the same had been before sold by private contract ; that the purchases thereof by the trustees themselves, under these circumstances,'are not valid, nor can become so by their having subsequently relinquished the same for the benefit of Mrs. Quarles and her family. As to the circumstance mentioned by the trustees, that the agent of the creditor was present to urge, or, as is said, to force the, sale, the court is ■clearly of opinion that no such influence ought to have operated upon them — and that trustees, acting under private deeds of trust, as well as those acting under decrees of a Court of Chancery, should consider themselves impartial *260 agents for both parties, and act in all sales for the interest of the debtor as well as the creditor. On these grounds the court is of opinion, that the sales of the land by the trustees to themselves, under the circumstances aforesaid, were not valid,- and did not transfer the right to them; but that error having been corrected by their subsequent sale to Buckner fór a full and fair consideration, the proceeds of which, after satisfying Baylor’s debt, have been vested in Mrs. Quarles and her family, the court is of opinion, that the said last mentioned sale should not be disturbed, but be ratified; but that so much of such proceeds should be held liable to the debt of the appellee as shall be necessary to pay the same. On these grounds the decree of the Court of Chancery is to be affirmed.