WRIGHT v. SMITHPETER. See Case No. 18,083.

## Case No. 18,094.

### WRIGHT et al. v. STANARD.

[2 Brock. 311.] 1

Circuit Court, D. Virginia. May 22, 1828.

FRAUDULENT CONVEYANCE — HUSBAND TO WIFE — INADEQUATE CONSIDERATION — SALE UNDER DECREE — TITLE OF PURCHASER.

1. The statute of frauds, avoids all covinous conveyances, made with intent to delay, hinder, or defraud creditors, but does not extend to conveyances made on valuable consideration, and in good faith: therefore, where husband and wife, made a conveyance of land to trustees, for the use and benefit of the wife, in consideration

5 [From 2 Am. Law Reg. 20.]
1 [Reported by John W. Brockenbrough, Esq.]

of the wife's relinquishing her right of dower in other lands, for the payment of her husband's debts, although the value of the right of dower, is only about a third of the value of the land conveyed for her benefit, yet such conveyance is not absolutely void, but, in a court of law, must be adjudged to be valid.

[Cited in Robinson v. Boyd, 17 Mich. 134.]

2. Mere inadequacy of price may be so great, as to be evidence of fraud, proper to be submitted to a jury; but is not in itself a fraud, on which a court of law will pronounce a deed to be absolutely void.

[Cited in Briscoe v. Bronaugh, 1 Tex. 326.]

3. Although a court of equity would consider the deed before described, as being held in trust for the wife, only to the value of the dower she has released, and for the creditor, as to the residue: yet in a court of law, the deed cannot be sustained in part, and avoided in part, but will be considered as entirely good.

[Cited in Phelps v. Curts, 80 Ill. 115.]

4. W. & C., obtained a judgment at law against K., in December, 1824, and sued out an elegit in November, 1825: meanwhile, that is, in March, 1825, M., R. & G., other creditors of K., obtained a decree from the court of chancery, directing a sale of land which had been conveyed by K. to trustees, for the benefit of his wife, (made bona fide, and for valuable, though inadequate, consideration,) and that out of the proceeds of the sale, the trustees for the wife, should first be paid the amount of the consideration which had actually passed from the wife, and then the residue to be applied to the extinguishment of the debt of the said M., R. & G. Held, that the judgment-creditors, W. & C., (who had their elegit executed whilst the sale was being made under the decree,) cannot recover the land in ejectment against the purchaser under the decree.

At law.

MARSHALL, Circuit Justice. This cause comes on upon a special verdict, found in an ejectment brought to obtain possession of a lot in the city of Richmond, which was taken by virtue of a writ of elegit issued on a judgment of this court. The ejectment being the prescribed mode for obtaining actual possession in such a case, the question is, was this lot subject to the writ when it was executed? The judgment was rendered in favor of the plaintiffs [Wright and Cooke] against John King, on the 18th day of December, in the year 1824. The writ of elegit, issued on the 14th of November, 1825. The special verdict finds, that John King was seised in fee of the lot on which the inquisition was taken, on the 30th of September, 1819, on which day he conveyed a part of the premises to John Gibson and John M'Crea, in trust for the security of a debt in the deed mentioned. On the 9th of October, he conveyed the residue of the premises to the same trustees also, for the benefit of a creditor in that deed mentioned. The debt secured by the deed of September, 1819, was payable by instalments, the last of which fell due on the 16th day of January, 1822, and the deed stipulated that the said King should retain the possession and receive the profits, until default should be made in the last payment. The debt secured by the deed of October, was also payable by instalments,

the last of which fell due on the 24th day of January, 1825, and the trustees were to sell, if on that day any part of the debt should remain unpaid. The interest of the said John King, so far as it was a present interest, was unquestionably subject to an elegit. It remains, then, to inquire, whether this interest has been so transferred, as to be placed out of the reach of that writ. On the 22d of March, 1820, John King, and Helen S. King, his wife, in pursuance of an agreement to make a reasonable provision of the dower of the said Helen S., which is recited in the deeds, conveyed the dower-right of the said Helen S. to certain real estate, which had been previously conveyed by the said John King, in trust for certain creditors in the said deeds mentioned. On the 30th of March, 1820, John King, conveyed certain real property, including the premises in the declaration mentioned, to Peter V. Daniel and James Rawlings, in trust for his said wife. This deed professes to be made in consideration of the agreement recited in the deed of the 22d of the same month, and after its execution, the trustees received the rents of the said tenement for the benefit of the said Helen S. The jury find, that at the date of this deed, John King was greatly embarrassed in his circumstances, and had conveyed a great part of his property in trust for his creditors. They also find, that the dower-right conveyed in the deed of the 22d of March, was worth $1,016.67, and that the dower-right of the said Helen S., in other property conveyed by her husband, but not by herself, was worth $1,777; and that the property conveyed by the deed of the 30th of March, in satisfaction of dower released by the deed of the 22d of March, was worth $3,040.

The defendant claims under a sale made in pursuance of an interlocutory decree of the court of chancery for the state, which was pronounced on the 26th day of March, 1825, in a suit brought by Mollin, Rankin, & Gallop, creditors of the said King, to set aside the deed of the 30th of March, 1820, as being fraudulent as to creditors. The plaintiffs were not parties to this suit, and, consequently, are not bound by the decree. They have therefore a right to re-examine the validity of the deed, which was the subject of that decree. Having obtained judgment before the decree was pronounced, and having issued their writ of elegit while that judgment was in force, the decree, however correct in its principles, must leave the property subject to the lien, if any, which was created by the judgment. If the deed of the 30th of March, 1820, was absolutely void, then the interest which the deed of the 22d of the same month left in John King, was liable to his creditors, and was bound by the plaintiff's judgment. If that deed was valid, no interest remained in John King, other than an equity of redemption. The dower relinquished by Mrs. King con-

stituted, certainly, a valid consideration for a deed which should settle on her a fair equivalent for that right. But the dower which she relinquished was worth but little more than one-third of the property conveyed to her as that equivalent. A court of chancery may, very properly, and does consider such a deed, as being held in trust for the wife, to the value of the dower she has released, and for the creditors as to the residue. But how is such a deed treated in a court of common law? At law; the deed cannot be sustained in part only, but must be entirely good or entirely void. The statute of frauds avoids all covinous conveyances made with the intent to delay, hinder, or defraud creditors, but does not extend to conveyances which are made on good consideration and in good faith. It has been already said, that the dower released by Mrs. King under an agreement to make an adequate settlement on her, was a good consideration, in the sense in which those words are used in the act, and I can find no case in which a court of law has ever held a deed of settlement on a wife to be absolutely void, because the estate conveyed was worth more than the price for which it was conveyed. Mere inadequacy of price may be so great as to be evidence of fraud, to be submitted to a jury, but has never been determined to be, in itself, a fraud for which a court will pronounce a deed to be absolutely void. In this case, the jury have not found fraud. There is no secret trust for the benefit of the husband. On the contrary, the trustees were put in possession of the property, and received the profits for the separate use of the wife.

The plaintiffs contend, that though the jury have not found fraud, they have found facts which amount to fraud, and have submitted the question to the court, whether upon those facts the law be for the plaintiffs?

Without affirming or denying, that a verdict may present a case to the court which, though it does not contain a specific finding, that the deed is covinous or fraudulent, or made to deceive or delay creditors. may contain such equivalent matter as will. in point of law, show the deed to be void, I will hazard the opinion, that mere evidence of fraud, circumstances which may or may not accompany covin, do not constitute such a case. The court will consider those circumstances on which the plaintiffs rely, as amounting, in themselves, to a fraud.

1. The first is, the difference between the value of the dower which has been relinquished, and the property which has been settled in compensation for that dower. The court has already said, that this difference, if the conveyance be made with a real intent to pass the property, does not, of itself, vitiate the deed in a court of law. If the value of the dower had been a few dollars or cents less than the value of the property conveyed in satisfaction of it, no person would suppose the deed to be a nullity on that account.

And if a small difference of value would not avoid it, what is the difference that will? Where does the law stop? The difference may be so great as to satisfy the conscience of the jury, that the conveyance is intended to cover the property from the just claims of creditors; but as a mere question of law, I can find nothing in the books which will justify a court in saying, that a deed, otherwise unexceptionable, is void, because the consideration is of less value than the property conveyed.

2. The other circumstance on which the plaintiffs rely is, that the deed of the 30th of March, conveys all the property of John King, which property still remained in his possession. The verdict finds the deed; but does not find that it comprehended all his property. On this subject the jury say: "We find that at the date of the deed last mentioned, the said King was greatly embarrassed in his circumstances; and the greater part of his property was conveyed by deeds of trust, to secure the debts in those deeds specified." This finding, certainly does not show that the whole of his property was comprehended in the deed of the 30th of March, 1820. The jury find a subsequent deed, dated on the 24th of May, in the same year, which purports to convey other property to trustees for his creditors. The deed of the 30th of March, certainly stipulates for the surplus money arising from his property, which was conveyed in trust; but only the greater part of his property was so conveyed. Neither does the verdict show that King retained possession of the property. The deed itself does not stipulate for his retaining possession, and it authorizes the trustees to receive the rents for the separate use of his wife. It authorizes her residence in any tenement which she might elect, which was not rented out, but this is not a stipulation for the possession even of that tenement, much less of the whole property by the husband. The verdict does not show that this privilege was ever exercised, or could have been exercised. It appears to me, that the deed of the 30th of March, 1820, was valid at law, and conveyed the interest which was left in the said John King, by the deed of the 30th of September, 1819.

It remains to inquire, how far the proceedings in chancery can affect this cause. The court of chancery sustained the deed to the extent of the consideration which moved from Mrs. King, but no farther; and directed the property to be sold and the residue of the money to be paid to the creditor, at whose suit the sale was decreed. The plaintiffs in this cause, were not parties to that suit, and were, consequently, not bound by the decree; but if they would avail themselves of it, they must admit its validity. They cannot take a part, and reject a part of it. The decree ascertains the value of the dower-right of Mrs. King, and limits her claim under the deed to that value, which

amount was received before the service of the elegit. The sale under the decree was made while the marshal of this court was taking the inquisition for the extent of the lot, and the chancellor has directed a conveyance to be made to the purchaser.

The counsel for the plaintiffs has taken several exceptions to the proceedings in chancery, which would be considered, if the verdict showed a title at law in the plaintiffs, independent of the decree of the court of chancery. But the verdict, I think, does not show such a title, and I do not think that this is a case in which the decree can be taken in part, and rejected in part. I am therefore of opinion, that the law on this special verdict is for the defendant.