51 U.S. 102
 10 How. 102
 13 L.Ed. 346
 ALFRED C. DOWNS, PLAINTIFF IN ERROR,
v.
JOSEPH KISSAM.
 December Term, 1850
 
 In error to the Circuit Court of the United States for the Southern District of Mississippi.
 A writ of fieri facias issued on the 5th of January, 1842, from the Circuit Court of the United States for the Southern District of Mississippi, at the instance of Joseph Kissam (the defendant in error), against one James J. Chewning, for $2336.22, besides costs, and was levied by the marshal, April 14th, 1842, on negro slaves Nancy and her child, Milley and her child, Viney and her child, Tempey and her child, Mary, Louisa, Juliana, and Charlotte, as the property of the said Chewning; and these negroes were claimed by the plaintiff in error as his property. And thereupon the defendant in error, by plea, averred in the said Circuit Court, that the said slaves, at the time, &c., were the property of the said Chewning, and upon this plea issue was tendered and joined between the defendant in error and the plaintiff in error. This issue was tried at November term, 1846, when a verdict passed for the defendant in error as to all the slaves except Juliana, and a bill of exceptions was tendered by the plaintiff in error; and upon the judgment rendered upon the verdict, this writ of error is brought.
 From the bill of exceptions, the case appears to have been this:——
 On the trial of the issue, the defendant in error produced the deposition of the said Chewning, taken by consent of parties. On his examination, the counsel for the plaintiff in error exhibited to the witness a mortgage, marked A, made by him to the Commercial and Railroad Bank of Vicksburg, dated 31st December, 1839; and in answer to questions proposed by said counsel, he deposed that he executed the mortgage on the day of its date; that he then owed the bank $130,000, &c.; that all the slaves seized under the execution were embraced in the mortgage except Juliana. The counsel also exhibited to the witness mortgages made by him, as follows: one to William M. Beal, dated 7th March, 1842, and marked B; one to James Cuddy, dated 13th July, 1840, and marked C; one to F. Sims, dated 13th July, 1840, and marked D; one to the plaintiff in error, dated 8th September, 1841, and marked E; and witness deposed to the execution of the same at the times of their respective dates; that some of the slaves in controversy were embraced in each of the said mortgages, and in that to the plaintiff in error, all except Juliana; that he was indebted to the mortgages respectively in the sums mentioned in the instruments; that all the salves in controversy, except Juliana, were on December 31st, 1839, in Carroll Parish, Louisiana, and so remained until removed by the witness into Mississippi, in March, 1842, in consequence of his having sold his lands in Louisiana.
 The mortgages were referred to in, and accompanied, the deposition.
 Exhibit A recited a debt evidenced by a promissory note bearing even date with the mortgage for $130,000, to be paid (as provided in the mortgage) in yearly instalments, one of $500, and nine of $13,888.88, besides accruing interest.
 Exhibit B recited a debt of $7470.60, contracted in January preceding.
 Exhibit C recited a debt of $1200, evidenced by notes bearing even date with the mortgage.
 Exhibit D recited a debt of $4871.92, evidenced by a note dated four days preceding.
 Exhibit E was made to indemnify plaintiff in error as surety of Chewning, on an administration bond in the penal sum of $50,000, and also to secure two debts, in amount $6000.
 On the trial, the defendant in error, having read to the jury the whole examination of the witnesses excepting said exhibits, refused to read them to the jury; whereupon the counsel for the plaintiff in error moved the court to exclude the whole deposition, which motion was overruled, and the counsel excepted.
 The said counsel then read to the jury the said exhibits, as evidence for the plaintiff in error, and produced the note for $130,000 recited in Exhibit A, which was admitted to be in the handwriting of Chewning.
 And the court, on the prayer of the defendant in error, gave the following instructions to the jury:——
 1st. If the jury find that any one of the mortgages conveys more property than would be sufficient to secure the debt provided for in such mortgage, such mortgage is fraudulent; that is, the fact of more property being conveyed in the mortgage than was necessary to secure the debt is a circumstance from which the jury may presume the mortgage was fraudulent.
 2d. If a mortgage is made to cover more property than is sufficient to pay the debt intended to be secured, for the purpose of preventing other creditors from levying, it is fraudulent and void, though the debt intended to be secured be bona fide; that is, the fact of more property being conveyed than was necessary to secure the debt is a circumstance from which the jury may infer fraud.
 3d. If the jury believe that the object of Chewning was to hinder, delay, or defruad his bon a fide creditors by the execution of the mortgages, then the mortgages are void, and the jury should find for the plaintiff in the execution; but, in coming to your conclusion on this subject, you must recollect that Chewning, the defendant in the execution, was authorized to prefer one of his creditors to another, provided his object only was to enable such creditor to collect his debt; he had no right, in enabling one creditor to collect his debt, to give him control of an amount of property much larger than was necessary to pay the debt.
 To which instructions the plaintiff in error excepted.
 The case was argued by Mr. Crittenden, Attorney-General, and Mr. Lawrence, for the plaintiff in error, and by Mr. Key, for the defendant in error.
 On the part of the plaintiff in error, it was insisted, that the court below erred in not requiring the defendant in error to read the mortgages referred to in, and forming part of, the deposition of Chewning, If it was competent for the defendant in error to decline reading the interrogatories put to the witness by the plaintiff in error, and compel the plaintiff in error to read them and the answers himself, yet, having read the interrogatories and the answers referring to the mortgages, he was bound also to read the mortgages as forming part of the answers; unless a party is at liberty to read part of an answer to a question, and refuse to read the residue, both parts being pertinent and admissible evidence; which it is submitted cannot be done.
 As to the instructions given to the jury, it was insisted,——
 1st. That the three instructions were altogether erroneous, because there was no evidence in the cause tending in law to show that the property mortgaged was more than sufficient to secure the debt specified in any one of the mortgages, and therefore the question as to the value of the property in comparison with the amount of the debts could not be rightfully submitted to the jury; and also because there was no evidence that before or at the time of making the mortgage of 31st December, 1839 (Exhibit A), Chewning owed any debt besides that secured by that mortgage.
 2d. That the position assumed in the first instruction, to wit, if any one of the mortgages conveyed more property than sufficient to secure the debt, the jury might presume the mortgage fraudulent, is not law, either as a general proposition or as applied to this case. For first, it assumes that any excess of value, however small, raises a presumption of fraud; which is not in any case true, it being always necessary that there be a gross or large excess, not to be accounted for by the just care of a prudent man, to guard against all probable contingencies. Again, it does not distinguish between general or particular assignments by the debtor for creditors, and a mortgage to a particular creditor, or a deed of assignment to which a creditor is a party for securing his debt; the rule as to excess, if applying at all in the terms used by the judge, only applying to the former, and not to the latter classes of securities. Thirdly, it does not distinguish between a mortgage voluntarily made for securing a pre-exising debt contracted upon the faith of the debtor's personal ability only, and a mortgage taken at the time of making a debt, as part of the security originally contracted for, the note or bond bearing even date with the mortgage, and forming with it one assurance, or a mortgage given for a pre-existing debt upon some new consideration moving from the creditor, to which the position assumed in the instruction has no application.
 And in support of these objections it was argued, that every mortgagee is a purchaser of the thing mortgaged so far as his interest extends; that he has a right to stipulate for any amount of property to be mortgaged; just as he may demand any number of personal sureties, and no inference against his honesty arises from the one more than from the other; and if this is not true of every mortgage, it is at least true where the mortgage is taken simultaneously with the advance of money or other creation of the debt as part of the contract; and also where, for a former debt, a mortgage is taken upon a new consideration, as, for example, giving further credit, surrendering other securities, &c., to which cases the rule laid down by the judge does not apply.
 The following authorities were relied upon:—Roberts on Fraud, ch. 4, § 1, particularly pages 371 to 375, and § 2, page 429 to the end; Wheaton v. Sexton, 4 Wheat., 503; Freeman v. Lewis, 5 Ired. (N. C.), 91; Wright v. Standard, 2 Brock., 311; Fullenwider v. Roberts, 4 Dev. & B. (N. C.), 278; Goss v. Neale, 5 Moo., 19; Pickstock v. Lyster, 3 Mau. & Sel., 371; Benton v. Thornhill, 2 Marsh. (Ky.), 427; 7 Tenn., 149; Dewey v. Baynton, 6 East, 257; Holdbird v. Anderson, 5 T. R., 235; Riches v. Evans, 38 E. C. L., 268 (9 Car. & P., 640).
 3d. As to the second instruction, it was insisted, that it is erroneous for the reasons given as to the first; and also because it assumes that an intent to prevent other creditors from levying is per se fraudulent; whereas that is not true, unless that be the only or at least the primary intent. And if the object is to give or acquire a priority for a just debt, and thereby prevent other creditors from levying, or to defeat one creditor in order to prefer another, there is in law no fraudulent intent, the object being wholly lawful. The above-cited authorities were relied upon, and particularly Holdbird v. Anderson, Pickstock v. Lyster, Goss v. Neale, Benton v. Thornhill, and Riches v. Evans; and also Marbury v. Brooks, 7 Wheat., 566.
 4th. It was insisted that the third instruction is erroneous, because it makes the validity of the mortgages depend solely upon the intent of Chewning, without reference to the knowledge or purpose of the mortgagees; whereas, all the mortgagees being purchasers, and two of them purchasers in the strict sense of the mortgage, as a security taken simultaneously with the creation of the debt, are not affected by the intent of the mortgagor, unless known to and approved or aided by them. And also because the instruction rescinds the mortgages, if it was any part of Chewning's purpose to hinder or delay other creditors, although his chief purpose had been to prefer the mortgagees; and the hindering or delaying others was only a subordinate purpose as necessary to accomplish the leading or chief design.
 The above authorities were relied on, and particularly Wheaton v. Sexton; and also the following:—Magniac v. Thompson, 7 Pet., 348; Harrison v. Trustees of Phillips Academy, 12 Mass., 456; Bright v. Eggleston, 14 Id., 245; Kittredge v. Sumner, 11 Pick. (Mass.), 50; Foster v. Hall, 12 Id., 89.
 Mr. Key, for the defendant in error.
 The points presented are, first, that the court below erred in not excluding certain evidence; and, secondly, that the court below erred in its instructions to the jury.
 1. The evidence which it is thought should have been excluded is the deposition of J. J. Chewning.
 The ground upon which this exclusion is contended for is, that the plaintiff below read to the jury only a portion of said deposition, and refused to read the exhibits A, B, C, D, and E. It will be perceived that the deposition was not ex parte; it was taken by consent, 'to be read in behalf of the parties, plaintiff and defendant.' It was competent, therefore, for either party to read portions of said deposition. The entire deposition was read to the jury, all the interrogatories, and the exhibits. So, if there was error in not compelling the plaintiff below to read such exhibits, such error was cured when the said exhibits were permitted to be read to the jury in behalf of the defendant.
 2. It is thought the principles of law applicable to the case, and contained in the three instructions of the court below, are erroneous.
 It is contended for the defendant in error, that said instructions are correct in law, and the following authorities are referred to: 4 Kent Com., 160; 2 Id., 512 to 536; Powell Mort., 79 et seq; Hamilton v. Russell, 1 Cranch, 309; Edwards v. Harben, 3 T. R., 587; Ryall v. Rowles, 1 Ves., 348; Worseley v. DeMattos and Slader, 1 Burr., 467; Alexander v. Deneal, 2 Munf. (Va.), 341; Clow v. Woods, 5 Serg. & R. (Pa.), 275; Sturtevant v. Ballard, 5 Johns. (N. Y.), 337; Crowninshield v. Kittridge, 7 Metc. (Ky.), 520.
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 1
 This writ of error brings before us the judgment of the Circuit Court, held by the District Judge for the Southern District of Mississippi.
 
 
 2
 An execution having been levied on certain slaves as the property of one James J. Chewning, at the instance of the defendant in error, which slaves were claimed by the plaintiff in error, an issue was joined, under the laws of Mississippi, to try the right of property. On the trial, a mortgage was given in evidence, executed by Chewning in 1839, long prior to the levy, to secure to the Railroad Bank of Vicksburg a debt of $130,000. This mortgage embraced all the slaves levied on, except one. Other mortgages were given in evidence, executed by Chewning, to secure the payment of several other debts.
 
 
 3
 On the trial, the Circuit Court instructed the jury, that if 'any one of the mortgages conveyed more property than would be sufficient to secure the debt provided for in the mortgage, such mortgage was fraudulent,' and that the fact of more property being conveyed as aforesaid was a circumstance from which the jury might presume fraud.
 
 
 4
 This instruction is erroneous. It is no badge of fraud for a mortgage, which is a mere security, to cover more property than will secure the debt due. Any creditor may pay the mortgage debt, and proceed against the property; or he may subject it to the payment of his debt, by other modes of proceeding.
 
 
 5
 The judgment of the Circuit Court is reversed, and a venire de novo awarded.
 
 Order.
 
 6
 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions to award a venire facias de novo.