## MOTLEY *versus* SAWYER.

The husband may lawfully transfer a promissory note to his wife, although the maker is at the time his creditor.

To defeat such a transfer, *inadequacy* of consideration is not sufficient. There must be an *intent* also to defraud existing creditors.

But inadequacy of consideration may be submitted to the jury for the *sole purpose* of ascertaining the *intent* of the parties.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT on a promissory note given in March, 1847, to Nathaniel Motley in part consideration of a deed of a parcel of real estate.

The defence was a failure of consideration.

There was proof tending to show that Nathaniel Motley was the husband of plaintiff, when the deed was made, and so remained until May, 1850, when she was divorced from him; that he gave to her the note in consideration of her signing the deed of said real estate to defendant, therein relinquishing her right of dower, at or about the time the deed was made, but it was not indorsed until the winter or spring of 1849.

There was evidence tending to prove, that at the time the note was indorsed to plaintiff, he (Motley,) was indebted to the defendant for about $60, due on a note Sawyer had taken of one Dennis, on an agreement with Motley that he would allow the same upon the note in suit.

Evidence was also introduced tending to show that Motley was at that time insolvent, and so remains.

At the time the deed was given there was an attachment upon said estate, a judgment afterwards obtained, and an execution levied upon the same, and the whole set off to satisfy the same, and Sawyer afterwards purchased the title of said levy, to protect his title from Motley. The estate was appraised on the execution at $342,65, and there was evidence that the real value of the property was between that sum and $500.

There was evidence that prior to the indorsement of said note, the plaintiff knew of the insolvency of Nathaniel, of his indebtedness to defendant, and that said estate had been levied upon.

The Judge instructed the jury that this action being in the name of an indorsee of a negotiable promissory note, and the defence being a failure of consideration, the first question to be determined, was, whether the defendant was in such a position as to be entitled to set up this defence.

That if the note was transferred and indorsed to the plaintiff by the original payee before it became due and payable, for an adequate consideration, without notice that there was any defect or infirmity in the note, then the defendant would be precluded from setting up this defence. But if the note was not transferred until after it was due, or if at the time of its transfer the plaintiff had notice that there was a defect in it for want of, or a failure of consideration, or if the transfer was made for the purpose of defeating the creditors of Motley, then the defendant would be let in to make the same defence against the note as if the action had been brought in the name of the original payee.

That an adequate consideration, means a valuable and fair consideration.

That in determining whether this transaction between Motley and the plaintiff was fraudulent or otherwise, they would look at the alleged consideration for the transfer of the note ( the relinquishment of dower ) as well as the other circumstances attending it, and if in their judgment there was a consideration so inadequate as to satisfy them that the transaction was colorable only — a mere sham — they might for that reason so far set aside the transfer, as to let in the defence set up.

That they would allow the amount of the Dennis note, if they were satisfied that at a time when Motley had the right to control the note in suit, he had agreed with the defendant to indorse said Dennis' note thereon in part payment.

The defendant requested the following instructions : —

1. That if Sawyer was a creditor, at the time of the indorsement and transfer, of Nathaniel Motley, the husband, he could not transfer said note to the plaintiff, she then being his wife.

2. That if they find that Motley had agreed to indorse the Dennis note held by Sawyer, upon the note in suit, before it was indorsed to plaintiff, that would constitute Sawyer a creditor of Motley to the amount due on said Dennis' note ; and that if there was an attachment upon the estate deeded, at the date of the deed, which ripened into a judgment, and which judgment was levied upon said land, that would constitute an incumbrance on said estate, and the covenants of said deed against incumbrances would be broken, and that would constitute Sawyer a creditor of Motley.

3. That if Motley was insolvent at the time of the transfer of said note, he could not in law transfer and convey said note to his wife without adequate consideration.

4. That an arrangement between Motley and his wife, during coverture, that she should hold said note in consideration of signing said deed, is not an adequate consideration for signing the same.

5. That if the note was not transferred for adequate consideration, and Sawyer was a creditor at the time of the transfer, or that Motley was then insolvent, then Motley could not transfer said note to the plaintiff, she being his wife; that the transfer under such circumstances could not pass the interest and title to the note, so that she could maintain this suit against the defendant.

6. That if the contingent right of dower was of greatly less value than the note, it would not be an adequate consideration, though done in good faith; also that by an adequate consideration the law implies here, a full consideration.

The second and third of the foregoing requests were given, the others were withheld.

A verdict was returned for plaintiff, and the defendant excepted.

*Morrill,* in support of the exceptions.

1st. *Insolvency* is a disqualifying fact, and renders the husband incompetent to deal with the wife in relation to his estate, under the statute of 1847.

The power given to the married woman to take property in § 1, is declared in § 2, not to be an absolute power; but subject to the proviso "that it was not conveyed by husband, directly or indirectly, without adequate consideration, and so that the creditors of husband might not be defrauded.

Thus, if the husband had creditors, there must not only be *adequate consideration* for the conveyance, but as an additional security it must be done under such circumstances that creditors might not be defrauded. That creditors should not be subjected to the risk of being defrauded.

Any other construction would allow an insolvent husband to arrange with his wife in regard to his estate, to the great embarrassment of his creditors.

2d. Was there proof here of "adequate consideration, and so that the creditors might not thereby be defrauded?"

The legitimate tendency and inevitable effect of the transaction was to defraud the creditors of the husband; i. e., to

deprive the creditors of their rights in his property; their right to have their pay out of it.

Motley was Sawyer's debtor; his debtor on his covenants for the land for which the note was given.

There was an attachment on the land, by which Sawyer lost his title. That attachment was as much an incumbrance as an inchoate right of dower would have been, and this has been settled to have been an incumbrance.

The consideration for the note had failed by the incumbrance. Sawyer had a right to have damages assessed on Motley's covenants, and had a right to have that note held to meet those damages.

Any arrangement between husband and wife, which deprived him of that right, was defrauding him, in the sense of this statute; especially as the wife had knowledge of the facts.

3d. But adequate consideration was not paid for the note. Can the release of such right be regarded as adequate consideration? The right of dower, the husband being alive, is a mere contingent right, a possibility of dower.

But the jury was not permitted to consider whether there was adequate consideration. See 6th request.

And the Court expressly put the transfer on the ground that inadequacy of consideration would not invalidate the act, unless the consideration was so inadequate as to satisfy them that the transaction was colorable only, a mere show.

The defence was good, without regard to the purpose for which the transfer was made, if it appeared it was made without adequate consideration, for it could not have been made under the statute except upon such condition, there being creditors.

The jury should have been told that if consideration was not adequate, equivalent, sufficient, then no matter what the purpose was, there being creditors of the husband, the wife had no capacity to take, without that fact being made to appear, and so the note was never legally transferred.

*Evans, contra.*

CUTTING, J. — Some time prior to 1849, Nathaniel Motley, then being the plaintiff's husband, conveyed certain real estate to the defendant and received from him, in part consideration, the note now in suit, which was at or about the same time delivered by the husband to his wife to procure her release of dower in the estate so conveyed.

The general instructions given by the presiding Judge, were strictly in accordance with the law regulating the transfer of negotiable paper. The jury have found under those instructions for the plaintiff, and thereby have established these facts, viz ; *that* the note was transferred before it was due ; *that* at the time of its transfer, the plaintiff had no notice of a failure of consideration ; *that* the transfer was not made for the purpose of defrauding creditors, and *that* it was done in good faith, the consideration not being so inadequate as to satisfy them that the transaction was fraudulent.

At common law this transfer would have been unauthorized and void, but it is sustained by the Act of 1847, c. 27, unless as provided in the second section, the note "being the property of the husband was conveyed by him to the wife directly or indirectly without adequate consideration and so that the creditors of the husband might thereby be defrauded."

The first requested instruction, if given, would have come in conflict with the Act of 1847, without some proof to bring the transaction within the proviso.

The fourth request presented a question of fact and was properly withheld.

The fifth request assumes, that if the note was not transferred for an adequate consideration, this action cannot be maintained against the defendant, who was a creditor of the insolvent husband.

We apprehend that the Legislature did not design, that inadequacy of consideration alone should invalidate a transfer, but to do so, it must be accompanied with an intent to defraud existing creditors ; or in other words, inadequacy and intent should both combine to render such transfer or sale invalid ; otherwise every contract between husband and

wife, though executed in good faith, might be inquired into and passed upon by the jury and set aside, if it should be found that the wife, in the legitimate exercise of her judgment, had demanded and received too liberal a consideration. The wife, like any other individual, possessed of property, is under no legal obligation to part with it except by operation of law, or by her own consent, and for a consideration fixed and determined by herself; otherwise she is deprived of free agency, is placed under guardianship and cannot be such a contracting party as is contemplated by the statute. The plaintiff may have received too much for her right of dower, but she was under no legal obligation to release it. It was an interest secured to her by law, and on which she might rely for support in widowhood and old age, and might reasonably consider it of more value than it would be estimated by a jury. So that the question returns, was the price demanded and received in good faith or was it so received for the purpose of defrauding creditors? If the latter, the transaction would be void, without regard to consideration, by the common law, which in no particular upon this point has been changed by the Act of 1847. And in this case inadequacy of consideration might have properly been submitted to the jury for the purpose of ascertaining the motives of the contracting parties and for no other purpose; but such was not the instruction here requested.

The same remarks are appropriate to the sixth and last request, adding only that it is difficult to perceive how a creditor can be legally defrauded by an act of his debtor, "done in good faith." Under certain circumstances fraud may be inferred from inadequacy of consideration, but such an inference is rebutted by the admission contained in the request. *Exceptions overruled, and*

*Judgment on the verdict.*

TENNEY and APPLETON, J. J., concurred.
SHEPLEY, C. J., did not concur.

NOTE. — Other questions which arose in the case at a former trial, have been decided, and are reported in vol. 34, p. 540.