Moncure, J.
after stating the case, proceeded:
A trustee in a deed of trust is the agent of both parties, and bound to act impartially between them; nor ought he to permit the urgency of the creditors to force the sale under circumstances injurious to the *499 debtor at an inadequate price. 1 Lom. Dig. 323; Quarles v. Lacy, 4 Munf. 251. He is “ bound to bring the estate to the hammer,” as has been said by Lord Eldon, “ under every possible advantage to his cestui que trustsand he should use all reasonable diligence to obtain the best priee. Hill on Trustees 479, marg. and the cases cited. He may and ought, of his own motion, to apply to a court of equity to remove impediments to a fair execution of his trust; to remove any cloud hanging over the title; and to adjust accounts if necessary, in order to ascertain the actual debt which ought to be raised by the sale, or the amount of prior incumbrances. And he will be justified in delaying for these preliminary purposes, the sale of the property, until such resort may be had to a court of equity. If he should fail, however, to do this, the party injured by his default has an unquestionable right to do it; whether such party be the creditor secured by the deed, or a subsequent incumbrancer, or the debtor himself or his assigns. And this may be done notwithstanding the impediments in the way of a fair sale, may have been known to the debtor at the time of the execution of the deed, and the removal of them before the time prescribed in the deed for the sale w7as impracticable, and could not therefore have been contemplated by him.
For these principles I refer to 1 Lom. Dig. 322-326; 1 Tuck. Com. book 2, p. 101-106; Quarles v. Lacy, 4 Munf. 251; Gay v. Hancock, 1 Rand. 72; Chowning v. Cox, Id. 306; Gibson's heirs v. Jones, 5 Leigh 370; Miller v. Argyle's ex'or, Id. 460; Wilkins v. Gordon, 11 Leigh 547.
Let us apply these principles to this case. The property was sold for less than a fourth of its.value. The sale was made under circumstances and in a manner well calculated to produce such a result. Even if the title had been unexceptionable, I think the trustee *500 ought to have postponed the sale to another day; which would have subjected the creditors to no other inconvenience than a little delay, while it would have avoided a sacrifice, and might have obviated the necessity of a sale. It may be said that Rossett’s agent ought not to have forbid the sale. Whether he ought or not, he did what he thought was his duty, and I do not think that this act of the agent justified the sacrifice of the principal’s property. See Ord v. Noel, 6 Madd. R. 126; Wilkins v. Gordon, 11 Leigh 547.
But in my view of this case it is unnecessary to consider whether the sacrifice of the property, and the circumstances under which it was sold, independently of the state of the title, would, severally or together, be sufficient ground for setting aside the sale. I am of opinion that the cloud over the title at the time of the sale is of itself a sufficient ground for that purpose. The deed conveyed, and the trustee sold only the equitable title to the property. The legal title was outstanding in A. N. Kinnaird. It should have been gotten in before the sale; and the trustee would have been justified in delaying the sale, and in bringing a suit, if necessary, for that purpose. No efforts were used to get it in. It probably might have been gotten in without a suit, and merely by calling on Kinnaird and presenting him a deed for execution. The deed of trust recited that Rossett had paid Kinnaird for the property. Fisher obtained a deed from Kinnaird shortly after the sale, and seems to have had no difficulty in obtaining it. That this defect was a cloud over the title, which it was the duty of the trustee to have had removed before the sale, and that on his failing to do so the debtor had a right to have the sale enjoined until the cloud was removed, are propositions which are fully established by the authorities before referred to. The existence of the defect appeared upon the face of the deed of trust, and was *501 well calculated to affect the sale. Indeed, Fisher states in his answer that it was well known to him and most if not all the capitalists present at the sale, ■ that the legal title was in Kinnaird; that it was very uncertain whether he would make a deed for it or not; and that a suit would probably be necessary to compel him to do so : And this is stated in the answer as one of the causes of the sacrifice in the sale of the property. But the trustee having made the sale without having the cloud over the title removed, and the principal creditor secured by the deed having become the purchaser, the question is, whether the debtor is entitled to have the sale set aside ? He had provided funds for the payment of the trust debts, and expected in that way to prevent a sale; but was disappointed by an unforeseen and unaccountable accident. But for having made such provision he might have resorted to an injunction. He was not present at the sale, forbade it by his agent, and has never acquiesced in it. The purchaser was the principal creditor, was well acquainted with all the facts which rendered 'the sale improper, and yet insisted on its being made. A few days after the sale and before a deed was made to him by the trustee, the draft for two hundred and twenty dollars, which exceeded the amount of the trust debts, was offered him by the debtor’s agent, but he refused to receive it, or give up the benefit of his purchase, and required the trustee to execute the deed; assigning as a reason therefor that the debtor had used abusive language to him. He says in his answer, that he believes when Rossett’s agent first offered him the draft, he required an assignment of the deed of trust; though after the draft was refused on these terms, he perhaps offered it as a payment. All that Hassler could have expected was, to be substituted to the place of the creditors whose claims he was willing to pay; and not that they should incur any personal lia *502 Mlity as assignors to him; or that the operation of the deed as an indemnity to Fisher as security for costs in Hassler's lessee, &c. v. King, should be impaired. It is obvious that Fisher did not refuse to give up the benefit of his purchase on account of the terms on which the draft was offered to him ; though I do not consider that question material.
Whatever might have been the rights of a Iona,fide purchaser without notice at such a sale, as to which I express no opinion, I think that the creditor being the purchaser under the circumstances before stated, the debtor has lost none of his rights by the sale, but is entitled to have it set aside and the property resold, if necessary, for the purposes of the trust. See Gibson's heirs v. Jones, 5 Leigh, 370; Breckenridge v. Auld, 1 Rob. R. 148; Dabney, &c. v. Green, 4 Hen. & Munf. 101; Lord Cranstown v. Johnston, 3 Ves. jr. R. 170.
But it may be said that the cloud over the title is not mentioned in the bill as one of the causes of the sacrifice of the property; and therefore the sale should not be set aside on that ground. It is true that nothing is said about it in the bill; but it is fully stated in the answer, and is thus made a part of the case. A defect in a bill may be cured by a statement in the answer, where such statement, as in this case, is not inconsistent with the case made by the bill. An instance of this kind occurred in Wood v. Dummer, 3 Mason’s R. 308. There the bill charged fraud as the ground for relief; whereas trust was the only ground on which it could be given; and to maintain that ground it was necessary to show that a certain corporation was insolvent. That fact was not charged in the bill, but was admitted in the answer; and thereupon relief was given. After the answer was filed in this case the appellant might have amended his bill and stated the fact in regard to the title. He actually did move at the hearing for leave to make such amend *503 ment, but it was denied by the court. If an amendment of the bill had been necessary, I think the court ought to have granted the leave, even at the late period at which it was asked. Bellows v. Stone, 14 New Hamp. R. 175. But I do not think it was necessary. It could have answered no good purpose, and would have been attended with expense and delay. There was much less reason for an amendment of the bill in this case than in Shugart's adm'r v. Thompson's adm'r, 10 Leigh 434, which was a suit to set aside a settled account. The answer denied the grounds on which the settlement was impeached in the bill. There was an order of account, and proofs were adduced, which, though they did not sustain the specific objections taken in the bill, yet ascertained that the settlement might be justly surcharged in other respects. It was held, that although according to the strictest and most formal practice, the plaintiff may be required to amend his bill, and urge therein the objections to the settlement shown by the evidence, yet it is competent to the court to dispense with this proceeding and permit the plaintiff to proceed in respect to the objections shown by the evidence, in like manner as if they had been noticed by the bill. Judge Stanard said, “ Such a practice seems to me recommended by many considerations. It is more compendious and less expensive, and tends to prevent or shorten those delays in the administration of justice which are grievances admitted by all, and by many urged as a reproach to its ministers.”
Upon the whole, I think the decree should be reversed, the sale set aside, the property reconveyed by Fisher, with covenants against his own acts only, to the appellee Smith, on the trusts declared by said deed of trust, and the said Fisher should account for the rents and profits of the property since the sale, after deducting the value of any permanent improvements made thereon by him, and also deducting any reason *504 able expense he may have incurred in getting in the legal title which was outstanding in Kinnaird at the time of the sale. And the cause should be remanded to the Circuit court for further proceedings -to be had therein, as follows, to wit: An account should be taken of the said rents and profits, and of any such improvements and expense, for the purpose of ascertaining the balance due thereon by said Fisher; which balance should be applied to the purposes of said deed of trust, to wit, to the payment of the debts secured thereby, (both of which are now due to said. Fisher, he. having paid the debt to Wilson & Co. out of the price at which the land was sold to him at the trust sale,) with the interest which may be due thereon, and to the indemnity of thp said Fisher as security for costs in the case of Hassler's lessee, &c. v. King. If the said balance should be sufficient to satisfy the said purposes, the surplus, if any, should be paid, and the property released, forthwith to the appellant. If there should be no such balance, or it should be insufficient to satisfy the said purposes; and the appellant, in a reasonable time to be prescribed by the court, should satisfy the same, or so much thereof as might remain unsatisfied by the application of any such balance as aforesaid, then the property should be released to the appellant. But if he should fail to make such satisfaction, then the said property should be sold in the manner and on the terms prescribed by the said deed of trust; and the proceeds applied to the satisfaction of the purposes of the trust, or so much thereof as might remain unsatisfied as aforesaid. The costs of the appellant in the Circuit court should be paid by the appellee Fisher.
The other judges concurred in the opinion of Moncurb, J.
Decree reversed.