Christian, J.,
delivered the opinion of the court..
*590 It is a doctrine of courts of equity, supported by abundant authority, and established by the decisions this court, that a post nuptial settlement in favor of a wife, made in pursuance of a fair contract for valua^e consideration, will be held good. And although it may have been made under such circumstances, that it must be pronounced fraudulent and void as to the creditors of the husband, yet if the wife have relinquished her interest in property, on the faith of such settlement, it will be held good to the extent of a just compensation for the interest she may have parted with. William & Mary College v. Powell, 12 Gratt. 372, and cases there cited.
The wife’s right of dower is a valuable interest, which she cannot be compelled to resign, and which the law very carefully protects from the control of her husband. And therefore the release of her dower is held to be a good consideration for a settlement, and is good against creditors of the husband to the extent of the value of the dower released.
Courts of equity are always liberal towards the wife in supporting such settlements, when fairly made, and will not interfere in favor of creditors, unless the estimated value of the dower released be shown to be excessive. When found to be excessive, courts of ■equity will generally not set aside the deed of settlement as null and void, but will reduce the amount settled upon the wife to a fair and just compensation for the interest she may have parted with. Harvey v. Alexander, 1 Rand. 219; Quarles v. Lacy, 4 Munf. 251; Sykes v. Chadwick, 18 Wall. U. S. R. 141.
Let us now apply these principles to the case before us. Bratton Davis being heavily indebted to numerpus creditors, and being the owner of large and valuable real estate, executed two deeds, each bearing date *591 the 22d May 1866. By the one he conveyed to Alex. H. H. Stuart and John B. Baldwin, certain personal estate and three valuable tracts of land, and his interest in a fourth tract, in trust to secure his creditors. This deed empowered the trustees to make sale of the real and personal estate conveyed at such times as they may deem expedient; and provides that at such sales any of the creditors of said Davis shall be allowed to purchase and receive credit on account of their respective purchases, for any just claims they may hold or acquire prior to said sale. The trustees were directed to pay “first, all debts for which any one might be hound as surety for said Davis; all the other creditors to be paid pari passu.”
This deed had this further provision: “In order to ascertain the amount of the debts, the sum due to each creditor, said trustees may convene all the creditors, by publication, before a commissioner, who shall determine in each case how much is justly due.”
The other deed, executed the same day, after reciting “that whereas said Braxton Davis is now advanced in life and encumbered by many outstanding debts, which he wishes to secure by deed of trust on various tracts of valuable land, in all of which the said Agnes M. Davis has a right of dower; and whereas it is desirable that the said Agnes M. Davis should unite in the deed of trust so as to secure a perfect title to the purchasers under said trust deed; and whereas she has agreed to unite in said deed upon the condition that said Braxton Davis shall convey to a trustee for the benefit of herself and her children by her marriage with said Davis, other lands and personal property of a value equivalent to her right of dower in the whole estate of said Braxton Davis,” &c., the grantor conveyed to John B. Baldwin *592 trustee, in consideration of the premises, and in order to carry into effect the above recited understanding and agreeement, two tfacts of land, one being the tract on which the said Davis resided, containing one hundred and ten acres, and the other, known as the Porterfield tract, containing three hundred and eleven acres, together with all his household and kitchen furniture, and certain other personal estate therein-named, “ upon the following trust, viz: that he shall allow said Agnes M. Davis to occupy and reside on said farms for and during her coverture, free from the debts or contracts of her husband; and in the event of the death of her husband, that he will convey said lands to said Agnes M. Davis to hold it during her natural life, with remainder to the children of said Braxton and Agnes M. Davis, in fee.”
The creditors were no parties to these deeds, nor is. it pretended that they were represented by the trustees in the first named deed, or had any notice of it until it was admitted to record.
But in this connection may be noticed the position taken by the learned counsel in his petition of appeal,, and urged in argument here. Admitting that the creditors were not present, consenting to this disposition of his property by Davis, the grantor, and that the trustees did not represent them, he insists that they accepted and ratified this arrangement made for-their benefit, by proving their respective claims before the commissioner appointed by the trustees, under the-provision of the deed before referred to, and that having thus accepted the provisions of the deed thej cannot now claim against it. It is sufficient to remark,, that the record in this case does not show that any commissioner was ever appointed to audit their claims,, though it is asserted by the counsel for the appellant. *593 that the fact did appear in the court below; and he suggests a diminution of the record if this court should agree with him in considering it a fact of sufficient importance. On the other hand, the counsel for the appellee denies that the plaintiffs in this suit (there seems to be other suits involving the same questions in the Circuit court) ever did present their claims before a commissioner appointed by the trustees under the- deed. However the fact may be, the court will not hold the creditors bound by the provisions of the deed, upon the ground that they were accepted and ratified, simply because they proved their respective claims before a commissioner appointed by the trustees. If they did thus produce and prove their debts, it was before the large indebtedness of the grantor was known, and before it was ascertained what was the probable value of the estate, real and personal, which he had dedicated to the payment of his debts by placing it in the hands of trustees. They might well have produced their claims before the commissioner, under the conviction that the property in the hands of the trustees was amply sufficient to pay all his debts. But when it turns out upon the actual sale of the property conveyed that there is not enough in the hands of the trustees by many thousand dollars to pay the debts of the grantor, surely the creditors, who were no parties to the deed, are not bound by it, simply because, at the invitation of the trustees, they brought their claims before a commissioner of their appointment to be audited. This cannot be construed into a purpose on their part to claim only under the deed, or in any manner as a ratification of its provisions.
The case, unencumbered by this pretension of the appellant, presents one single question as to whether the settlement made upon the wife is excessive, or, *594 rather so excessive, that a court of equity will set it aside as a fraud upon the rights of the creditors; and, if so set aside, what are the rights of the wife as against the creditors. The grantor was the owner of five tracts of land, and a supposed interest in a sixth, which last turned out to be of no value.
He conveyed three of these tracts to trustees for the benefit of his creditors, to wit: the “Turk Place,” containing five hundred acres, the Craig tract, containing about five hundred acres, and the Coiner tract, containing over two hundred acres. These three tracts are estimated by the commissioner (and we think it a fair estimate upon the evidence) at the aggregate sum of §35,675.
Two tracts of land were settled by the grantor upon his wife, upon consideration that she should relinquish her right of dower in the whole. These were the Porterfield tract, containing three hundred and eleven acres, and valued by the commissioner at $20,860, and the Rader tract, containing one hundred and ten acres, valued by the commissioner at $7,471, aggregating $28,331, being more than two-thirds of the amount in value of the lands conveyed to his creditors.
The court is of opinion that the settlement of this amount upon the wife was grossly in excess of a fair and just compensation for her dower rights in the whole real estate of her husband, and that there is no error in the decree of the Circuit court in so declaring.
But the court is further of opinion that the Circuit court ought not to have set aside the settlement made in favor of Mrs. Davis without first giving to her the election either to accept a reasonable amount in lieu of her right of dower, or to have laid off to her in kind in the land not sold by the trustees, her dower in the whole real estate of her husband.
*595 Where a wife is induced to unite with her husband in conveying away her interest in his real estate upon condition that certain and specific property shall be settled on her in consideration of her thus parting with her rights, if such settlement is set aside and annulled she has the right to be placed in the same position and restored to the same rights with which she was invested by law before she united in the deed of which the specific settlement was the consideration; provided this can be done without prejudice to the rights of creditors or purchasers.
In the case before us we must regard the two deeds executed and recorded on the same day, as one and the same transaction; and so regarding them, it is apparent that it was agreed between the said Braxton Davis and the said Agnes M. Davis that the conveyance for her benefit of the Porterfield tract and the Bader tract would be a fair equivalent for her right of dower in his whole real estate; and that she united in ■the deed to the trustees upon condition that these two tracts of land should be settled on her. This was the consideration upon which she parted with her interest in the three valuable tracts of land conveyed by her husband for the benefit of his creditors. One of the tracts settled upon her -was the homestead,' which, it is fair to presume, had in her eyes peculiar valué. The presumption is she would never have united in the deed but for this specific arrangement for her. At any rate, this was the specific consideration upon which she eseeuted the deed. She was parting with valuable interests. Her husband was advanced in years; she was young. She had the right of dower in five valuable estates. She had the right to demand a settlement to compensate her for the relinquishment of her rights.
*596 Do doubt at the time tbe settlement was made, the grantor believed that the three valuable farms and the lai’ge personal estate which he had dedicated to the payment of his debts, and directed his trustees to sell for that purpose, would be amply sufficient to satisfy all his creditors. But owing to the depreciation in the market value of the land, the sales will not meet the debts by a large deficiency; and the court below was compelled to declare the settlement on-Mrs. Davis excessive, and forced to decree to her what was, in its opinion, a fair settlement.
We'are of opinion, however, that Mi's. Davis, under the circumstances of this case, was entitled to be restored, as far as possible, to the same position and invested with the same legal rights she had before she united in the deed with her husband; and the husband being dead, she may, if she so elects, claim her right to dower in the whole real estate of her husband;, the value either to be commuted in money or laid off in kind, in the lands not sold by the trustees. This can be done without prejudice to the rights of creditors or purchasers, as the value of her dower in each of the five tracts of which her husband died seized, may now be laid off in the lands still unsold, to wit, the Porterfield and Bader tracts.
The court is therefore of opinion that the decree of the Circuit court be reversed, and the cause be remanded to said Cii’cuit court to be proceeded in in accordance with the principles herein declared.
The decree was as follows:
The court is of opinion, for- reasons stated in writing and filed .with the record, that there is no error in the decree of the said Circuit court in declaring the settlement made upon the appellant, Mrs. Agnes. *597 Davis, widow of Braxton Davis, deceased, by deed bearing date May 22d, 1866, was excessive, “and that the same if uncorrected would operate a gross fraud upon the large number of unpaid creditors of Braxton Davis.” But the court is further of opinion, that inasmuch as Mrs. Davis united in the deed made by her husband to Stuart and Baldwin, trustees, for the benefit of his creditors, upon condition that the “Porterfield” and “ Bader” tracts of land should be settled upon her; and as this settlement cannot now be enforced, because it is excessive, the said Circuit court ought, instead of reforming and reducing the amount of the settlement to what it considered a fair and just compensation for the relinquishment of her contingent right of dower, should first have restored Mrs. Davis to the same position and the same legal rights which she had before she united in said deed with her husband, and should therefore have given to her the election, whether she would accept a reasonable settlement to be made by the court in lieu of the settlement made by her husband, or whether she would elect to assert now her claim of dower in all the real estate of her husband, he being now dead, and there being two tracts of land not yet sold by the trustees, in which her dower in kind can now be laid off and assigned to her. It is therefore decreed and ordered, that the decree of the said Circuit court (except so far as it declares that the said settlement is excessive, in which respect it is affirmed,) be reversed and annulled, and that the appellants recover against the appellees, the creditors of said Braxton Davis, deceased, their costs by them expended in the prosecution of their appeal aforesaid here; and that the cause be remanded to the said Circuit court with instructions to give to the appellant, Agnes M. Davis, the option whether she will *598 accept a reasonable allowance to be made by the said Circuit court in lieu of the settlement made by her for her by the deed of the 22d May 1866, or whether she will now assert her claim to dower in the whole real estate of her husband, Braxton Davis, deceased; and if she claims the latter, then the same shall either be laid off to her in kind in the “ Porter-field” and “Rader” tracts, which remain unsold, which said dower may, with the assent of the. creditors, and, if she so elect, be commuted under the direction of the court to its value in money. But whether her dower be laid off in kind, or commuted to its value in money, such dower shall be credited by the amount of personal property she has already received. And it is ordered that this decree be entered on the order book here, and forthwith certified to the clerk, where the cause is pending as aforesaid, who' shall enter the same on his order book, and certify it to the said Circuit court of Augusta county.
Decree reversed.