## RUNDLETT v. LADD.

A relinquishment of dower by a wife may be a good and valuable consideration for a payment, by her husband to her, of a sum of money equal to the value of her dower right. As against his creditors the validity of such payment, like the validity of his conveyances of property to other persons, depends upon its being free from fraud.

WRIT OF ENTRY. The land was conveyed, Sept. 14, 1859, by the former owner, to the defendant, who is the wife of Daniel W. Ladd. She paid money for it when she received the deed. She received the money from her husband in the summer of 1859. Between 1850 and 1858 her husband sold other land, called the Hanson farm, in different parcels, to different persons. When the deeds were made, she refused to sign them unless a part of the money received for the farm was paid to her. Her husband promised to pay•her a certain sum, and she signed the deeds. The money he paid her, in the summer of 1859, was paid in performance of this promise. At the time he paid her the money, he was indebted to the plaintiff and to other persons. The plaintiff obtained a judgment and execution against him, and levied the execution on the land which had been conveyed to his wife.

The plaintiff excepted to the refusal of the court to instruct the jury "that a verbal agreement between the husband and wife, that he would at some future time pay her for releasing her dower in the Hanson farm, was of no legal validity, and created no valid debt from the husband to the wife; and that he had no lawful right to pay any money to her for such release as against any person to whom he owed a debt at the time of said payment." The question of fraud in the transaction between the defendant and her husband was submitted to the jury, who returned a verdict for the defendant.

*Stickney* and *Wiggin*, for the plaintiff.

*Worcester & Gafney*, *Heath*, and *Frink*, for the defendant.

FOSTER, J. The exception cannot be sustained. The dower right in the Hanson farm, which the defendant released, belonged, not to her husband, but to her. It could not be conveyed by him, nor taken by his creditors on execution. *Drew* v. *Munsey*, Smith (N. H.) 317, 320; *Bassett* v. *Bassett*, 10 N. H. 64; *Hollowell* v. *Simonson*, 21 Ind. 398. Its value could be ascertained. *Jackson* v. *Edwards*, 7 Paige 386, 408; *Doty* v. *Baker*, 11 Hun 222, 225; *Bartlett* v. *Van Zandt*, 4 Sandf. Ch. 396. It does not appear that she received more than the value of it. Her husband's creditors,

being unable to take it for his debts, were not injured by her receiving a part of the price for which the farm was sold, equal to the value of what she released. If she had not signed the deeds, the sum she received would not have been paid by the purchaser of the farm. If the farm had not been sold, and his creditors had levied executions on it, his interest in it would have been appraised and set off in payment of his debts, not at the value of the farm, but at the value of the farm subject to her right of dower,—the value of the farm less the value of her dower right. Her relinquishment of her right might be a good and valuable consideration for his paying her its value. As against the plaintiff, the validity of the payment, like the validity of his conveyances of property to other persons, depended upon its being free from fraud. *Low* v. *Carter*, 21 N. H. 433; *Nims* v. *Bigelow*, 45 N. H. 343; *Lavender* v. *Blakstone*, 2 Levinz 146, 137; *Motley* v. *Sawyer*, 38 Me. 68, 74; *Bullard* v. *Briggs*, 7 Pick. 533, 541; *Needham* v. *Sanger*, 17 Pick. 500, 509; *Garlick* v. *Strong*, 3 Paige 440; *Doty* v. *Baker*, 11 Hun 222; *Smart* v. *Haring*, 14 Hun 276; *Quarles* v. *Lacy*, 4 Munf. 251; *Blanton* v. *Taylor*, Gilmer 209; *Taylor* v. *Moore*, 2 Rand. (Va.) 563; *Hale* v. *Plummer*, 6 Ind. 121; *Hollowell* v. *Simonson*, 21 Ind. 398; *Ward* v. *Crotty*, 4 Met. (Ky.) 59; *Marshall* v. *Hutchinson*, 5 B. Mon. 298, 307; *Woodson* v. *Pool*, 19 Mo. 340; *Wright* v. *Stanard*, 2 Brock. 311; 2 Kent Com. 174; 2 Story Eq., s. 1372; Atherly Mar. Set. 162; 1 Bishop Mar. Women, ss. 720, 722–725, 758.

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.