Brown *et al. v.* Rawlings *et al.*

---

### No. 6707.

### BROWN ET AL. *v.* RAWLINGS ET AL.

FRAUDULENT CONVEYANCE. — *Grantee.* — *Notice.* — *Consideration.* —The grantee in a fraudulent conveyance, who has paid a valuable consideration, can not be affected thereby, unless he had notice of the fraudulent purpose of the grantor.

SAME.—*Husband and Wife.*—*Conveyance.*—*Inchoate Interest of Wife.*—The relinquishment by a wife of her inchoate interest in the lands of her husband is a sufficient consideration to support a conveyance to her of part of the lands of her husband.

SAME.—*Agreement.*—An agreement by a husband to convey certain land to his wife in consideration that she would relinquish her inchoate interest in his lands, which she did, is valid though not in writing.

SAME.—*Moral Obligation.* — *Consideration.* — Such agreement is founded on a valuable consideration, and creates a moral obligation, which the husband had a right to discharge.

STATUTE OF FRAUDS.—*Waiver.*—*Moral Obligation.*—*Agreement.*—In cases where there is an existing moral obligation, the debtor may waive the provisions of the statute of frauds, and execute the agreement although it may be within the statute.

From the Howard Circuit Court.

*C. E. Hendry, D. H. Bennett* and *N. R. Linsday,* for appellants.

*J. O'Brien* and *M. Garrigus,* for appellees.

ELLIOTT, J.—The appellees sought to have a conveyance to the appellant Emily J. Brown set aside upon the ground of fraud. Two objections are urged against the complaint. It is first objected that the complaint does not show that the grantor did not have other property subject to execution at the time the conveyance was made; but the objection is without foundation, for the allegations of the complaint are full and explicit upon this point. It is next objected that the complaint does not show that the conveyance was without consideration. We think it does, but, if it did not, it very fully alleges that the grantor's fraudulent intent was fully shared by the grantee, and this, of itself, would make the complaint sufficient as against the objection pressed by the appellants.

The case was tried by a jury, and a special verdict returned. Upon this verdict, judgment was entered in favor of the appellees. Appellants, by motion in the court below, and here by their assignment of errors, insist that they were entitled to judgment on the verdict.

The verdict is divided into paragraphs appropriately numbered. Paragraphs numbered from one to three inclusive find the amounts due upon the respective claims of the appellees. Paragraph number four finds that conveyances were made by Harvey Brown and Emily J. Brown to Jonah G. Brown on the 18th day of February, 1875. Number five finds that no actual consideration was paid by Jonah G. Brown; that, on the 27th day of the same month, Jonah G. Brown conveyed to Emily J. Brown; that no consideration passed, and that the land was of the value of $4,000. In paragraph six is stated the amount of Harvey Brown's indebtedness, which is placed at $11,705, and it is also stated that all the estate left him in Indiana, after conveying to Jonah G. Brown, was a certain tract therein described, of the value of $840, and that it was mortgaged to secure an indebtedness of $1,509. It is also stated in said paragraph

that, when Harvey Brown conveyed to Jonah G. Brown, he had personal property of the value of $950 ; that it was afterward mortgaged for $295.73, and that the mortgage is still in force.   The seventh finds that, when the action was commenced, and when the conveyance to Jonah G. Brown was made, Harvey Brown did not have property in Howard county, Indiana, subject to execution, to satisfy his debts. The eighth finds that Harvey Brown, by the deeds of conveyance made to Jonah G. Brown, did hinder and delay the creditors of the said Harvey.   The ninth finds that Emily J. Brown received from her father's estate $250 in money, and a horse valued at $40 ; that her husband, Harvey Brown, received $165 of the money, and that certain real estate was bought with it, and a deed taken in the name of the said Harvey Brown, with his wife's knowledge ; that Brown and family resided thereon for several years, from 1847 to 1854, when it was sold, and Brown and wife joined in a conveyance to the purchaser ; that Harvey Brown bought another tract of land and took title in his own name, with his wife's knowledge.   Then follows a history of real estate transactions of Harvey Brown down to 1875.   The tenth paragraph is as follows:   "We do further find and say, that the conveyance from Harvey Brown and Emily J. Brown, on the 18th day of February, 1875, to Jonah G. Brown, and by Jonah G. Brown and wife to Emily J. Brown, on February 27th, 1875, was made upon and in pursuance of a contract and agreement made and entered into before that time, September 25th, 1874, by and between the said Harvey Brown and Emily J. Brown, to the effect that she, the said Emily, should join with her said husband and convey all his other property away, thereby relinquishing her contingent interest therein for the benefit of his, said Harvey's, creditors, he, the said Harvey, would have the one hundred acres embraced in the deed to Jonah G. Brown, including a part of two lots in the town of Jerome, conveyed

to her, and upon this agreement the land mentioned in the complaint was conveyed to Jonah G. Brown, and by him and his wife conveyed to Emily J. Brown, and for no other reason or consideration.'' The 11th is as follows : ''And we do further find that, after the making of said contract and agreement by and between said Harvey Brown and Emily J. Brown, she did, in pursuance thereof, unite with her said husband and convey away all of the aforesaid real estate not conveyed to her, for the benefit of his creditors ; that it was all in Howard county, Indiana, except the forty-acre tract in Paulding county, Ohio, and that the land thus conveyed in Howard county was of the value of about $1,020, and that in Ohio about the value of $500.''

There is no finding establishing any participation in the alleged fraudulent act or intent of Harvey Brown, by Emily J. Brown. The verdict does find that the conveyance did, in fact, hinder and delay the creditors of Harvey Brown, but does not, in terms, find that the conveyances were executed with a fraudulent intent, or to carry into execution a fraudulent purpose. If, however, the verdict did find that the grantor was guilty of fraud, yet the grantee, if she paid a valuable consideration, would not be affected, unless she had notice of the fraudulent purpose of the grantor. The question in this case, therefore, resolves itself into this : Was Emily J. Brown a purchaser for a valuable consideration? If she was, she is entitled to judgment on the special verdict ; for it does not appear that she had notice of or participated in her grantor's alleged fraud. If she was not, judgment was rightly given the appellees ; for all the facts essential to the right of creditors to set aside a voluntary conveyance are found by the jury.

The contention of appellants' counsel is that the relinquishment of the wife's inchoate interest in the lands of her husband was a sufficient consideration to support a conveyance to her of part of the lands of the husband. The

doctrine, that the relinquishment of the wife's inchoate interest will constitute a valuable consideration, is declared in *Hollowell* v. *Simonson*, 21 Ind. 398. It was there said: "We understand it to be well settled, upon ample authority, that a relinquishment of dower by the wife, the husband being then alive, is a good and valuable consideration for a conveyance by the husband, or procured by him, to the wife, of property which may be considered but a fair equivalent; and that the same will be viewed as valid or not, as it may be shown to be fair or fraudulent, and the comparative value of the respective estates and interests may be taken into consideration. Levinz, 146; *McCann* v. *Letcher*, 8 B. Mon. 326; *Ward* v. *Shallet*, 2 Vesey Sen. 16." The reason of the rule is well exhibited by the court in *Bullard* v. *Briggs*, 7 Pick. 533: "It is undoubtedly clear, that a *mere voluntary settlement* made by a husband upon his wife, during the marriage, he being in debt, is void against creditors; but it is equally clear, that a conveyance made in trust for the wife, after marriage, upon the transfer to him by the wife of an equivalent out of her property, will be established, both in equity and in law; and it ought to be so, for the case supposes, that whatever is taken from the funds of the husband, whereby he might satisfy his creditors, is replaced by an equal amount from the funds of the wife, which his creditors could not otherwise reach." This doctrine is well sustained by authority. In *Nims* v. *Bigelow*, 45 N. H. 343, the question is fully and ably discussed. It was there said: "This right of dower is deemed valuable in her who owns it, and is estimated in proportion to the worth of the whole estate, and is properly the subject of bargain and conveyance by fine in England, and by deed with us." *Needham* v. *Sanger*, 17 Pick. 500; *Low* v. *Carter*, 21 N. H. 433; *Motley* v. *Sawyer*, 38 Me. 68.

The doctrine is equitable and just. Nothing is taken from the creditor, and nothing given to the wife, that is not right-

-fully hers. If the conveyance made to her is set aside, then she loses both the property conveyed to her and the inchoate interest which she had in the lands of her husband. This result ought not to be allowed, where it is in the power of courts entrusted with equity jurisdiction to prevent it.

There may of course be cases where the amount of property conveyed to the wife is so grossly disproportioned to the probable value of her inchoate interest as to work a fraud upon the creditors of the husband. This is not such a case. The complaint does not attack the conveyances upon any such ground; the theory upon which appellees proceed is altogether a different one. Their complaint attacks the conveyances upon two grounds : 1. That the conveyances were without consideration; 2. That there was a fraudulent design to defraud creditors. The verdict is against them upon both grounds, for it is well settled that the verdict is presumed to state all the facts which have been proved.

Appellees have assigned cross errors upon the action of the court in overruling a demurrer to the second paragraph of Emily J. Brown's answer. The answer presents the same -questions as those arising upon the verdict, to which we have already given sufficient consideration. It shows the agreement of her husband, Harvey Brown, to convey the lands to her in consideration that she would relinquish her inchoate interest in his lands ; that she did execute such relinquishment, and that the conveyances were made to her in execution of said agreement. The agreement to convey to Mrs. Brown was valid, although not in writing. The contract was founded on a valuable consideration, and created a moral obligation, which the debtor had a right to discharge. Where there is an existing moral obligation, the debtor may waive the benefit of the statute. *Goff* v. *Rogers*, 71 Ind. 459.

Judgment reversed, at costs of appellees.