Filed Sept. 30, 1892.

---

No. 642.

## WORTH v. PATTON, ADMINISTRATOR.

HUSBAND AND WIFE.—*Conveyance by Wife.—Agreement of Husband to Convey Land to Wife in Lieu Thereof.— Validity of.*—A contract entered into between husband and wife by which the former agreed with the latter that in consideration of her joining with him in a deed to certain lands owned by him he would convey to her a designated tract in fee simple is not void.

SAME.—*Surrender by Wife of Inchoate Interest.—Consideration.*—The fact that the real estate which the wife joined in conveying, as well as that which the husband promised to convey to her, was his property before and at the time of the marriage, and she only had an inchoate interest in the same, would not affect the validity of the arrangement entered into between the husband and wife. The averments by the wife of an inchoate interest in a husband's real estate is a sufficient consideration to support a conveyance by him to her of another portion of his realty equivalent in value to the interest surrendered by her.

SAME.—*Failure of Husband to Convey.—Claim of Wife Against his Estate.— Complaint.— Will.*—When at the death of the husband he had failed to perform his part of the contract, and had not conveyed the land as agreed to his wife, she can file a claim against his estate and recover the value of her interest in the lands, in the conveyance of which she joined. To entitle her to recover, the wife need not aver in her complaint that she renounced the provisions of a will made by her husband by the terms of which he devised to her a less interest in the land that he had agreed to convey to her in fee. No presumption can be indulged against the wife that because she did not affirmatively renounce the will, she had accepted under it.

SAME.—*Statute of Frauds.*—The action of the wife against her husband's estate not being an action for the specific performance of an oral con-

tract concerning real estate, but a claim for the recovery of the value of the purchase-price of land conveyed by her, which it is alleged has never been paid, her right of recovery is not barred by the statute of frauds.

From the Sullivan Circuit Court.

*J. S. Bays*, for appellant.
*J. T. Hays* and *H. J. Hays*, for appellee.

REINHARD, C. J.—The appellant filed a claim against the estate of her deceased husband. The averments contained in the verified statement of the claim are in substance as follows, viz:

That the claimant is a resident of Sullivan county, Indiana, and on the 9th day of March, 1869, was married to James Worth, now deceased, and lived with him until October, 1890, when he died; that said James Worth, by a previous marriage had eight children, naming them, two of whom are dead, leaving children surviving them; that said James left surviving him the claimant, his widow, by whom he had no children; "that at and prior to the time of his death, and a long time before that period, and prior to the date of their said marriage, said James Worth was possessed of a large tract of land, and was the owner thereof in fee simple, to wit: Seven hundred acres, situate in Sullivan county, Indiana"; that being desirous of giving to his children by the former marriage certain tracts of land from his said estate and in order to induce the claimant to sign deeds to the same he promised the claimant and agreed with her that in consideration of her joining with him in a deed to six hundred acres of said land of the value of twelve thousand dollars, he would give her a certain tract of eighty acres, describing it, and make her a warranty deed therefor in fee simple; that in consideration of said promise and for no other consideration the claimant, in October, 1889, did join with her said husband in deeds of conveyance to the children

named and the survivors of those who had died, the premises so conveyed being fully described; that she joined in all of said conveyances upon the promise and consideration that he would give her in fee simple the eighty acre tract above referred to, and for no other consideration whatever; that the said James Worth died without conveying said premises to her, except that on June 20, 1890, he, without her knowledge, agreement or consent, made his will wherein he gave her said premises to have and hold during the time she remained his widow and that if she got married or died, said real estate was to go to his children; that she refused to accept the terms and provisions of said will and made her statement in writing to that effect in the clerk's office, as required by law; that she has been damaged $3,000; that she is now occupying said premises and has possession thereof, but that decedent's children are claiming the title thereof to two-thirds of the same and demand possession; that she had an interest in the premises in the conveyances of which she joined with said decedent, by virtue of her marital relations with him, which interest is and was at the time of conveyance of the value of $3,000. Wherefore, etc.

The court sustained a demurrer to this claim, and this ruling forms the only subject of controversy in this court.

The appellee's counsel make three points against the sufficiency of the pleading and in support of the ruling of the circuit court, viz.:

" 1. The alleged contract is between husband and wife, who are one person in law, and can not contract in the usual way.

" 2. The subject-matter of the alleged contract was the husband's separate property, owned by him before marriage, and relates to her inchoate interest in his lands, which interest is solely a creature of law.

" 3. That said James Worth having died testate, and by his will having given appellant the lands involved in the al-

leged contract, which she now holds possession of, she can not make any further demand against his estate for rights based upon her inchoate interest until she shall have first relinquished her rights under the will; neither is she damaged, since she is possessed of all that was promised her under the alleged contract."

In a subsequent portion of the brief, counsel further insist that the alleged contract between the claimant and her husband was void by the statute of frauds. We proceed to notice these points in their order.

It is argued by counsel that, as the laws of Indiana still recognize a legal unity between husband and wife, it follows that they can not enter into any enforceable contract with each other.

It is doubtless true that to some extent the common law rule of legal unity between a man and his wife still prevails in this State. *Barnett* v. *Harshbarger*, 105 Ind. 410; *Johnson* v. *Jouchert*, 124 Ind. 105. It may also be questioned whether, owing to the prevalence of such rule, a husband and wife can contract with each other in the usual way, for the reason that one person can not well contract with himself. But if it be conceded for the sake of argument that such contracts can not be enforced at law, it is also true that they may be and frequently are upheld in equity. Thus it is held that any fair and reasonable arrangement between the husband and wife by which the latter yields up for the benefit of her husband, or that of his family, a portion of her separate estate, or any of her inchoate interest in his estate, and in consideration of the same he transfers to her a portion of his own property, will be upheld in equity. *Sims* v. *Rickets*, 35 Ind. 181; *Hollowell* v. *Simonson*, 21 Ind. 398.

It may be said, moreover, that this common law fiction of a unity between husband and wife has no longer any place in our jurisprudence when it stands in the way of securing to the latter her just and reasonable rights growing out of

the marital relations. *Postlewaite* v. *Postlewaite*, 1 Ind. App. 473; *Haynes* v. *Nowlin*, 129 Ind. 581.

It is said by Bishop in his work on Married Women, vol. 1, section 37 : "But upon this doctrine of the unity of persons there have been made some serious breaches. Thus in the courts of equity it is not fully regarded, and there, under some circumstances, contracts directly between husband and wife, and conveyances from him to her, will be upheld." See, also, Story Eq. Jur., section 1372.

The objection, therefore, that the contract is void for the reason urged is not well founded, even if this were an attempt to enforce such contract, which, as we shall presently see, it is not.

In the second ground of objection it is maintained, if we correctly understand the counsel's position, that inasmuch as the real estate conveyed to the children, as well as that which the decedent promised to convey to the appellant, was his property before and at the time of the marriage, and in which she only had an inchoate interest, it could not be made the subject of traffic between the parties.

It has been decided repeatedly that the surrender by the wife of an inchoate interest in her husband's real estate is a sufficient consideration to support a conveyance by him to her of another portion of his realty, equivalent in value to the interest surrendered by her. *Hollowell* v. *Simonson*, *supra;* *Brown* v. *Rawlings*, 72 Ind. 505 ; *Jarboe* v. *Severin*, 85 Ind. 496. This is true even as against creditors, and we know of no good reason why an arrangement of the kind between the parties should not stand, if carried out. It is not stated what was the value of the eighty acres nor do we regard it necessary. If there was gross inequality in the values, and that fact will avail as a defence, it must be set up by way of answer. That the appellant's interest was only an inchoate one did not debar the decedent from giving her other property in lieu of such interest. The fact that the wife's inchoate interest is fixed by statute, and that under the

circumstances of this case she would only take a third for life does not change the situation. Such life interest had a fixed value which she places in her complaint at $3,000. We can not say that this is a mere chimerical estimate. The demurrer admits its correctness, and upon issues joined it will become a question of proof.

We do not think, therefore, that the second objection to the complaint is sufficient to warrant the sustaining of the demurrer to the complaint.

In the third objection the appellee's counsel assume that the appellant's demand set up in her complaint is an attempt to enforce some right growing out of her inchoate interest in her husband's real estate, independently of any arrangement entered into between him and her, and by which she was induced to convey a portion of such inchoate interest. Counsel seem to lose sight entirely of the fact of the conveyance from her to the children.

The assumption that the appellant is predicating her right of recovery solely upon her statutory interest in his land, which interest she is attempting to make absolute, is a fallacious one. The right she seeks to enforce here, as disclosed by her complaint, is founded upon a contract between her and her deceased husband. Whether or not it is such a contract as can be enforced in law, in view of her legal disability or unity of person with the husband, when it was entered into, is not now the question. If there was a contract, and rights have accrued to her by virtue of the same, although such contract may not be such as can be strictly enforced in law, such rights are not to be confounded with property rights independent and outside of the contract. Appellee's counsel insist that the complaint shows that the decedent made a will, and that the appellant has not sufficiently pleaded the fact that she renounced its provisions. Granting that the complaint does not sufficiently aver the various steps necessary for the appellant to renounce the will, it does not follow that she is debarred from recovering.

The fact that her husband made a will might be important and material in a case such as is assumed by counsel, but it can have little if any connection with the contract set up in the complaint, nor serve to defeat any rights growing out of it.

It may become a matter for consideration in the defence, but it does not control the averments by which the appellant asserts a right to recover back that which she surrendered by virtue of the arrangement between her and her husband. The decedent had a right, by testamentary disposition, to give his wife additional property besides that which he promised her. He had no right, however, to give her less than that he promised. He could not, without her consent, give her only a life-estate in the eighty acres in place of the fee simple, and discharge his obligation to her, nor was she bound to accept the same. Nor can there be any presumption indulged against the appellant that because she did not affirmatively renounce the will she has accepted under it. The appellant, as we have seen, relies upon her rights growing out of the contract. She charges in her complaint that her husband failed to pay her the consideration for the conveyances in which she had joined. This makes a *prima facie* case against the estate, if she has otherwise pleaded facts giving her a claim, and if her husband attempted to discharge his obligation by a devise to her of a mere life-estate, and she accepted the same for that purpose, either actively or by failing to renounce it, such fact, it seems to us, if competent at all, is a matter of defence, and must be pleaded and proved by the appellee. Hence the averments in relation to the will, failing as they do to show whether she accepted or not, must be entirely disregarded as surplusage. With these eliminated the complaint is sufficient so far as the point raised is concerned. With them in the complaint they do not vitiate it, for they do not show that the appellant has done anything to waive her rights under the contract. The making and probating of the will without the

concurrence of her assent can not serve to bar her recovery. It would be different if she were seeking in this action to assert some right in aid of the enforcement of her inchoate interest in her husband's real estate. In that case she would be required to show that she had not taken under the will, or, in other words, that she had renounced it. The complaint is not, therefore, tainted with the infirmity that counsel would ascribe to it on this account.

The last objection urged against the complaint is, that it seeks to enforce a contract within the operation of the statute of frauds.

The contract being for the conveyance of land, and not being in writing, is within the letter and spirit of the inhibition contained in the fourth subdivision of section 1 of the statute of frauds and perjuries. Section 4904, R. S. 1881.

If this were an action for specific performance of the contract, or to recover damages for a breach of the same, the appellant could not succeed, and the objection urged must prevail. But it is not such an action. It amounts only to a claim for the recovery of the value of the purchase-price of land conveyed which it is alleged has never been paid. She was induced by the promises of her husband to surrender certain rights secured her by the law and growing out of her marital relation. In consideration thereof the husband promised to give her other property in lieu of that with which she parted. He failed to do this, and the only question here presented is, can she recover the fair value of the interest she released to the children of her deceased husband, and which, she alleges, was worth $3,000? We are of opinion that this question must be answered in the affirmative.

It is well settled by the authorities in this State that when a contract is void by the statute of frauds, as where an attempt has been made to sell or exchange property and the purchase-price has been paid in whole or in part, either in money or other property or services, and the vendor or person occupying that position has failed to convey or deliver

the property as agreed by him, an implied promise is raised that he will either return what he has received or the value thereof in money, as being held by him on a consideration that has failed. *Jarboe* v. *Severin, supra; Wallace* v. *Long,* 105 Ind. 522; *Taggart* v. *Tevanny,* 1 Ind. App. 339.

By the demurrer it is admitted that the heirs of the appellee's decedent have received property of the value of $3,000 which, under the law, did not belong to them, but to the appellant. It is further admitted that the consideration for this transfer to them was the conveyance to the appellant of a tract of land of eighty acres by their father and the appellant which both he and they have failed to make. To say that under such circumstances the appellant can not recover back the value of the property transferred would be a denial of justice and equity in any case, and that the appellant should be denied this right of recovery because at the time of the conveyance she was a married woman would be making her coverture an instrument of oppression instead of protection. We do not think the facts warrant such a result. The demurrer should have been overruled.

Judgment reversed.

Filed Oct. 11, 1892.