No. 17,352.

## MILBURN *v.* MILBURN ET AL.

MORTGAGE.—*Quitclaim Deed by Wife of Mortgagor.—Indemnifying Mortgage on other Land to Wife by Mortgagor, to Secure Her Inchoate Interest in the Land Mortgaged.*—The consideration paid by a mortgagee of land for a quitclaim deed thereto executed by the wife of the mortgagor will be deducted in determining the amount due the wife under a mortgage on other land from her husband, indemnifying her inchoate interest in the former land, whether the payment was made to her or to some one else with her consent.

SAME.—*Indemnifying Mortgage.— Inchoate Interest of Wife.—* A mortgage executed by a husband to his wife, conditioned upon his fully paying and satisfying a mortgage on other land and saving to the wife her inchoate interest in such land, and expressly providing that the husband shall pay a specified amount which is the same as that for which such other mortgage was given, is an indemnifying mortgage only, but the wife is entitled to recover thereon the amount of her loss where the husband becomes insolvent and fails to pay such other mortgage, although she joins with him in a quitclaim deed to the land covered thereby instead of waiting for the mortgage to be foreclosed.

From the Clinton Circuit Court.

*Palmer & Palmer* and *Kent & Irwin*, for appellant.

*W. R. Moore*, for appellees.

HOWARD, J.—From the special findings in this case it appears that on the 6th day of October, 1882, the appellee Joseph E. Milburn, and the appellant, Malinda

Milburn, were, and that they have since remained, husband and wife; that on said day the said Joseph was the owner of the two eighty acre tracts mentioned in the complaint; that on said day he borrowed $1,600, giving his mortgage, in which the appellant, his wife, joined, upon the west of said eighty acre tracts in security for said debt; that on the 16th day of May, 1889, a judgment was obtained against said Joseph for a ditch assessment upon the west half of said west eighty acres, upon which judgment the said forty acres were sold, and there being no redemption, a deed was made therefor by the sheriff; that the title acquired under said sheriff's deed is held by the present holder of the mortgage on said west eighty acres; that on the 11th day of September, 1888, Joseph E. Milburn conveyed by warranty deed, his wife, the appellant, not joining, both of said eighty acre tracts to their son, the appellee, Robert C. Milburn; that on the 15th day of September, 1891, Robert C. Milburn sold said west eighty to one Simon Fulk, the holder of the mortgage thereon, and also of the title under the sheriff's deed to the west half thereof; that the consideration in said sale was $2,800, out of which should be deducted the amount of said mortgage debt, and also the amount of the purchase price of said title under the sheriff's deed to said west half of the eighty, leaving a balance due of said purchase money of $738, which balance should be paid only on the delivery to said Fulk of a quitclaim deed to said west eighty by the appellant; that appellant, for the purpose of paying and satisfying said mortgage on said west eighty, did, at the request of said Robert C. Milburn, join with her said husband in a quitclaim deed thereto, to said mortgagee; that said quitclaim deed contained a clause showing that the deed was made to pay and satisfy said mortgage, and that appellant

relinquished her inchoate interest in ·said west eighty in consideration of a mortgage heretofore executed to her by the appellee Joseph E. Milburn on the east eighty acre tract, the latter being the mortgage here in suit; that the said Joseph E. Milburn did not pay any part of the principal of said mortgage debt on said west eighty acre tract, and did not pay any interest which accrued thereon, after the 4th day of October, 1889, except as the same was paid and satisfied by the conveyance of his wife's inchoate interest in said lands; that at the time appellant and her husband had executed said mortgage on said west eighty, and in consideration that she join in said mortgage, her said husband, Joseph E. Milburn, executed to her the mortgage in suit upon said east eighty, to secure to her her interest in said west eighty, said mortgage to her containing a clause to that effect, which clause contained also the following condition: "Now if the said Joseph E. Milburn shall fully pay and satisfy said mortgage and save to the said Malinda Milburn her inchoate interest in said west eighty (describing it), then this mortgage shall be null and void, otherwise to be and remain in full effect in law, and the mortgagor expressly agrees to pay the sum of money above mentioned ($1,600), without relief from valuation laws;" that appellant did not receive any consideration for her said quitclaim deed; that her said husband has had no property subject to execution since the 11th day of September, 1888 (being prior to the date of said quitclaim deed), and that during all of such time he has been insolvent; that the mortgage debt on said west eighty was all due and unpaid before the date of said quitclaim deed. There are also findings which show the several liens of appellees on said east eighty acre tract, all of which were acquired subse-

quent to the date of the mortgage thereon, in favor of appellant.

The court found as conclusions of law : (1) That appellant's mortgage on the east eighty acre tract was executed to her as an indemnifying mortgage only, to secure her against such damage as she might sustain in event she should lose her inchoate interest in the west eighty, by reason of having joined with her husband in the mortgage upon the latter tract; (2) that by joining with her husband in the quitclaim deed to the west eighty acre tract, appellant released her inchoate interest in said tract; (3) that said west eighty acre tract was not sold at judicial sale, and the mortgage thereon not having been foreclosed, appellant did not lose her inchoate interest in said tract, by reason of said mortgage; and (4) that appellant ought to take nothing by her suit.

On mature reflection, we are satisfied that the first conclusion of law, namely, that the mortgage in suit is an indemnifying mortgage only, is correct; and that the promise therein to pay the mortgage debt of $1,600.00 relates wholly to the debt secured by the mortgage on west eighty acre tract. The damage occasioned to appellant by the loss of her inchoate interest in the west eighty acre tract, when found, as it should be, is the measure of the amount which she should recover under her indemnifying mortgage on the east eighty acre tract.

But the mortgagor having failed to pay this mortgage debt according to his undertaking, and being insolvent and so unable to pay it, and the debt being due, it is clear that appellant's inchoate interest in the west eighty acre tract had been lost by the failure of Joseph E. Milburn to make good his undertaking in his mortgage on the east eighty to her; and that, therefore, her

right to foreclose her mortgage at once accrued.  It could not be necessary for her to wait for a foreclosure of the mortgage on the west eighty when, as the facts found show, no defense could be made to that foreclosure, and the loss of her inchoate interest would thus inevitably follow as a result of such litigation.  The facts also show that the liens due on the west eighty exceeded in amount the value of the undivided two-thirds of the land, so that appellant's inchoate interest was already invaded.  Her right to recover under her indemnifying mortgage is therefore manifest; and the amount to be so recovered is the value of her inchoate interest in the west eighty at the time when she joined in the deed conveying that interest in satisfaction of the mortgage thereon.

The second conclusion of law, while rather a finding of fact than a conclusion of law, correctly states that by her quit claim deed appellant lost her inchoate interest in the west eighty.  The third conclusion we do not think correct.  As before said, the foreclosure of the mortgage, while adding expensive litigation, could not make more certain the loss of appellant's inchoate interest than the facts found show it to have already been.  Her husband was insolvent, had failed to pay the mortgage debt and could not pay it.  The facts found show her loss to have been absolute, and that her right to recover under her mortgage had accrued.  It follows also that the fourth conclusion is incorrect.

We think, however, that the $738.00 paid for the quitclaim deed should be deducted from the amount to be recovered under appellant's mortgage.  There is a controversy between counsel as to whether this $738.00 was paid to appellant or to her son, Robert C. Milburn. That, however, we think immaterial.  When Robert C. sold the west eighty to the holder of the mortgage

thereon, it was agreed that the consideration should be the debts due upon the land and the further sum of $738.00 for a deed from appellant. This deed, of course, could be only to cover her inchoate interest in the land. She had no other interest to convey. By allowing the mortgage to be foreclosed, she would have been entitled to recover the whole of the debt due her for her loss under the terms of her indemnifying mortgage; but by agreeing to make the quitclaim deed in lieu of a foreclosure, in consideration of $738.00, it can make no difference that she should have suffered her son, if that were the fact, to have retained that sum for himself. The matter was in her own hands; and we think the $738.00 so received should be allowed as a deduction from whatever may be found to be the value of her inchoate interest in the west eighty acre tract, and that she should recover only the difference.

The value of the inchoate interest not having been found, we are of opinion that justice may the better be done in this case by granting a new trial, so that the value of Malinda Milburn's inchoate interest in the west eighty acre tract may be determined.

The judgment is therefore reversed, with instructions to grant a new trial, and with leave, if desired, to file new pleadings.

Filed January 7, 1896.