### Dailey *v.* Dailey.

[No. 3,269.    Filed December 21, 1900.]

Husband and Wife. — *Inchoate Interest of Wife.* — *Contracts.* — *Deeds.*—A contract entered into between husband and wife whereby the husband in consideration of the wife joining with him in a deed to his separate real estate agreed to pay or secure to her out of the proceeds of the sale a fixed sum is enforceable. Comstock, J., dissents.

From the Jay Circuit Court. *Reversed.*

*O. H. Adair* and *J. F. La Follette,* for appellant.
*F. H. Snyder* and *G. W. Bergman,* for appellee.

WILEY, J.—A single question is involved in this appeal, and it is this: Appellant and appellee were husband and wife. They entered into a verbal contract to the effect that in consideration of her joining with him in a deed to his separate real estate, thus relinquishing her inchoate interest therein, he would pay or secure to her out of the proceeds of the sale a fixed sum. Can such a contract be enforced? By sustaining a demurrer to the complaint averring these facts, the lower court held that it could not.

The complaint is in two paragraphs, the first of which avers the marital relations between appellant and appellee; that he owned certain real estate; that he was desirous of selling it; that he could not convey it unless appellant would join him in a deed; that he requested her to do so, which she refused to do unless the value of her inchoate interest in the land were paid to her; that he thereupon agreed with her that if she would join in a deed of conveyance to the proposed purchaser, he would execute to her his note for $1,000, at six per cent. interest, due in six months, with the purchaser of the real estate as surety; that in pursuance to said agreement she did join in such deed; that the purchaser paid appellee $5,000 for the land, and possession thereof was delivered to him. That after such conveyance appellee refused and failed to execute said note, or to pay appellant any sum of money for her interest in the land. That the real estate so conveyed was all the real estate owned by appellee. The prayer of this paragraph is for judgment for $1,000 and interest from the date of conveyance. The second paragraph avers substantially the same facts, except that it is averred that appellee agreed to pay appellant $1,000 out of the purchase money in consideration for her signing the deed, that he received the money from the purchaser, in trust for her, and has

Dailey *v.* Dailey.

refused to pay it to her. At the threshold of the discussion, we are met with the proposition of counsel for appellee that the contract sued on is void, for the reason that both parties to the contract are one, and hence void for want of parties. If the common law fiction, the oneness of husband and wife, had not been largely modified by statute, and in some respects abrogated, we could readily accede to this proposition, but in view of the provisions of the statute and the modern tendency to enlarge the marital rights of the wife, we do not believe that the position assumed by counsel is defensible. At common law, contracts between husband and wife were absolutely void for want of parties and the wife's power to contract. 9 Am. & Eng. Ency. of Law (1st ed.) 793, and authorities there cited. But this rigid rule no longer exists in jurisdictions where it has been changed by legislation. In this State, the legislation has been exceedingly liberal in enlarging the marital rights of the wife, and removing from her the disabilities and environments that the common law placed upon her, and her right now to contract is only limited by the express provisions of the statute. Courts also have given to legislation of this character liberal construction, to the end that married women may be better protected in their property and contractual rights. Under the statutory law of this State, a married woman may enter into any contract binding upon her and her property, except such contracts as she is prohibited from making by statute. As is said by the text in 9 Am. & Eng. Ency. of Law (1st ed.) 793: "A statute authorizing contracts between husband and wife generally includes all contracts each could make with a third party, but if it specifies certain contracts, the capacity it gives is confined to these. If annexed to a general statute empowering a married woman to contract, there is a clause excepting certain specified contracts with her husband, such statute gives her the power to make all contracts with her husband, but those excepted, which it enables her to make with third parties."

*Jenne* v. *Marble,* 37 Mich. 319; *Sturmfelsz* v. *Frickey,* 43 M'd. 569; *Goree* v. *Walthell,* 44 Ala. 161; *Trader* v. *Lowe,* 45 Md. 1, 14; *Gregory* v. *Dodds,* 60 Miss. 549.

There are some sections of our statute upon this subject that are important in the determination of the question before us. §5115 Horner 1897, provides that "All the legal disabilities of married women to make contracts are hereby abolished, except as herein otherwise provided." Also §5130 Horner 1897: "A married woman may carry on any trade or business and perform any labor or service on her sole and separate account. The earnings and profits of any married woman, accruing from her trade, business, services, or labor, other than labor for her husband or family, shall be her sole and separate property." By §5115, *supra,* it will be observed that all legal disabilities of married women to make contracts are abolished, except as otherwise provided. The section quoted is §1 of the act of 1881, entitled "An act concerning husband and wife." As under the first section of the act a married woman can enter into any contract, except such as are prohibited, we must look to the succeeding sections to ascertain what contracts she is prohibited from making. By the second section we find she can take, acquire, and hold property, both real and personal; she can purchase the same with her own separate means, and the rents, issues, income, and profits thereof become hers; she can sell, barter, exchange, and convey her personal property, and contract with reference to it, but she can not enter into any executory contract to sell, convey, or mortgage her real estate, nor can she convey or mortgage the same, unless her husband joins in such contract, conveyance, or mortgage. By §4 of the act, a married woman is prohibited from entering into any contract of suretyship, whether as indorser, guarantor, or in any other manner, and any such contract so made by her shall be void. These are the only provisions in the statute pro-

hibiting a married woman from entering into contracts, and it is to be observed that none of these inhibitions can be construed to prevent her from entering into contracts with her husband, other than those which are expressly forbidden. It certainly can not be contended but what there are many contracts which a married woman may make with her husband, which will be binding on her, and which the courts will enforce, since the removal of her disabilities by statute. Thus, she can contract with him to sell to him her separate personal property, and she can loan him money for which he may give his note, or he can loan her money under an express promise that she will repay, and the contracts can be enforced.

In construing these statutes, the Supreme Court has said: "The only exceptions to the wide rule thus declared [§5115, *supra,*] are that a married woman shall not encumber or convey her real property, except by deed in which her husband joins, and that she shall not enter into any contract of suretyship. * * * As to all other contracts her capacity is as great and unrestricted as that of an unmarried woman." *Young* v. *McFadden,* 125 Ind. 254. And in *Arnold* v. *Engleman,* 103 Ind. 512, it was said: "This [statute of 1881] confers a general power to make executory contracts except such as are prohibited by the statute." See, also, *Miller* v. *Shields,* 124 Ind. 166, 8 L. R. A. 406; *Security Co.* v. *Arbuckle,* 119 Ind. 69; *Elliott* v. *Gregory,* 115 Ind. 98; *Bennett* v. *Mattingly,* 110 Ind. 197; and *Chandler* v. *Spencer,* 109 Ind. 553.

As defined by statute, and the construction put upon it by the courts, we think a general rule may be declared that in this jurisdiction a married woman may contract as if she were unmarried, unless the contract falls within some of the exceptions named in the statute providing for and regulating the rights of married women and limiting their power to contract. See *Goff* v. *Hankins,* 11 Ind. App. 456. In *Henneger* v. *Lomas,* 145 Ind. 287, on p. 291, 32 L. R. A.

850, the Supreme Court, by Monks, J., said: "The rules of the common law have been greatly relaxed in this State by legislative enactment. * * * Under this section [§254 R. S. 1881], it is clear a married woman may, as sole plaintiff, sue her husband, or any other person, concerning her separate property."

The inchoate interest of a married woman in the real estate of her husband is a valuable right. It is true, as held by the authorities, that such inchoate interest may never ripen into an absolute right, so that it may vest in her in fee simple, yet the law clothes her with the right and her husband can not devest her of it against her will. He can not require her to join him in a conveyance. So when appellant joined appellee in the conveyance of his real estate, she parted with a valuable right, and we are unable to find any provision in the statute restricting her right to contract as a *femme covert,* which inhibited her from protecting her inchoate interest in the real estate by the contract with her husband, which she here seeks to enforce. Such a contract does not come within the provisions of the statute defining the specific contracts she is prohibited from entering into, and, under the authorities cited, she may enter into all other contracts as if she were a *femme sole.* There are good reasons why a wife should be allowed to protect her rights as to her inchoate interest in her husband's real estate by contract with her husband, but we need not here enumerate such reasons.

It has been held that where a wife joins her husband in a mortgage on his separate real estate to secure his debt, she occupies the position of surety, and in case of foreclosure may require his interest in the real estate to be first sold to satisfy the debt. This rule has its foundation in her right to have secured to her her inchoate interest in her husband's real estate. *Union Nat. Bank* v. *McConaha,* 14 Ind. App. 82. It is evident from what we have said, and the authorities cited, that the courts, so far as possible, will

protect the wife's inchoate interest in her husband's real estate. Contracts of like character to that relied upon by appellant have been enforced in this State to the extent of remunerating the wife for her relinquishment of her inchoate interest in her husband's real estate, where she has joined in a deed under a promise and agreement that he will make good to her such interest either in money or property.

In the case of *Brown* v. *Rawlings,* 72 Ind. 505, appellee Brown was the wife of one Harvey Brown. The two entered into a verbal contract whereby appellee agreed to join him in a deed of conveyance of all his real estate except 100 acres and two lots, thereby relinquishing her dower interest in the lands so conveyed for the benefit of his creditors, in consideration that he would deed to her his remaining real estate—the 100 acres and the two lots. She performed her part of the contract by joining in the deeds with her husband, and he subsequently caused to be conveyed to her the 100 acres and the two lots. Appellees were his creditors and they brought an action to set aside the latter conveyance on the ground that it was fraudulent against them as such creditors. Judge Elliott, speaking for the court, said: "The contention of appellant's counsel is that the relinquishment of the wife's inchoate interest in the lands of her husband was a sufficient consideration to support a conveyance to her of part of the lands of the husband. The doctrine, that the relinquishment of the wife's inchoate interest will constitute a valuable consideration, is declared in *Hollowell* v. *Simonson,* 21 Ind. 398. It was there said: 'We understand it to be well settled, upon ample authority, that a relinquishment of dower by the wife, the husband being then alive, is a good and valuable consideration for a conveyance by the husband, or procured by him, to the wife, of property which may be considered but a fair equivalent; and that the same will be viewed as valid or not, as it may be shown to be fair or fraudulent, and the comparative

value of the respective estates and interests may be taken into consideration. [Citing] 2 Levinz 146; *McCann* v. *Letcher*, 8 B. Mon. 320; *Ward* v. *Shallet*, 2 Vesey Sen. 16.'" See, also, *Bullard* v. *Briggs*, 7 Pick. 533; *Nims* v. *Bigelow*, 45 N. H. 343; *Needham* v. *Sanger*, 17 Pick. 500; *Low* v. *Carter*, 21 N. H. 433; *Motley* v. *Sawyer*, 38 Me. 68.

In *Jarboe* v. *Severin*, 85 Ind. 496, appellant joined her husband in conveying to appellees certain real estate under an agreement with them that in consideration of her thus parting with her inchoate interest they would convey to her certain real estate owned by them. She performed her part of the agreement, but they refused to perform their part. In her complaint she averred that the real estate which she and her husband conveyed to appellees was worth $20,000, and that the real estate they agreed to convey to her was worth $2,000. It was held upon these facts set forth in the complaint that they showed a right of recovery because of the performance of the consideration under a contract which can not be enforced, and which the promisors refused to perform. It was also further held that the release by a wife of her inchoate interest in her husband's real estate may be a valuable consideration.

In *Farwell* v. *Johnston*, 34 Mich. 342, it was said: "It has always been held that a release by a wife of an interest which was within her own option to release or not—as, for example, a right of dower—is a valuable consideration, which will support a postnuptial settlement, and therefore will suffice for any other purpose."

The case of *Milburn* v. *Milburn*, 143 Ind. 187, is in point. There appellant's husband owned two eighty acre tracts of land. He borrowed some money, and to secure its payment he executed a mortgage on the west eighty acres, in which his wife joined. Subsequent to the mortgage, a judgment of foreclosure of a ditch lien was rendered against the husband upon the west half of said west eighty acres,

upon which said judgment said west forty acres was sold and purchased by the mortgagee, and a sheriff's deed in due time issued. After the execution of said mortgage, appellant and her husband deeded both eighty acre tracts to their son, Robert C. Milburn, and subsequently Robert C. deeded the west eighty to one Fulk, the holder of the mortgage thereon and the title by sheriff's deed under said foreclosure proceedings. One of the conditions of the sale from Robert C. to Fulk was that the appellant should join her husband in a quitclaim deed to Fulk. The special findings show that appellant, for the purpose of paying said mortgage, did execute such deed; that said quitclaim deed contained a clause showing that the deed was made to pay and satisfy said mortgage, and that appellant relinquished her inchoate interest in said west eighty in consideration of a mortgage previously executed to her by her husband, one of the appellees, on the east eighty acre tract. It was also specially found that at the time appellant and her husband executed the mortgage on the west eighty, that in consideration of her joining therein her husband executed to her the mortgage in suit upon said east eighty, to secure to her her interest in said west eighty. That said mortgage contained this clause: "Now if the said Joseph E. Milburn shall fully pay and satisfy said mortgage and save to the said Malinda Milburn her inchoate interest in said west eighty (describing it), then this mortgage shall be null and void", etc. It was further specially found that appellant did not receive any consideration for her said quitclaim deed. It was also found that the appellees, other than appellant's husband, had acquired certain liens on the east eighty, but that such liens were subsequent to appellant's mortgage. Upon these facts, it was held that appellant was entitled to a foreclosure of her mortgage and to a judgment for her inchoate interest in the said west eighty, whatever the evidence might show it to be. In that case, the contract between appellant and appellee was in writing, while here it is verbal. In that case the contract was made to secure her her inchoate in-

terest in real estate, in which she joined her husband in conveying, while here the contract is to pay her or cause to be paid a fixed sum in lieu of her relinquishing her inchoate interest. In the one case she took the contract, and the court said she could enforce it, while in the present case she made the contract with her husband; she parted with a valuable interest; she performed all the conditions on her part to be performed, and yet appellee insists that because the contract was between husband and wife it can not be enforced. If the contract in the Milburn case was enforceable at law, we see no legal obstacle in the way of enforcing the contract here sued on.

In the case of *Worth* v. *Patton,* 5 Ind. App. 272, it was held that a contract between husband and wife that, in consideration of the latter joining the former in a deed of conveyance to certain real estate, he would convey another designated tract of land to her in fee simple, was not void. In the same case it was held that the inchoate interest of a wife in her husband's real estate was a sufficient consideration to support a conveyance by him to her of another portion of his real estate equivalent in value to the interest surrendered by her. In that case, the husband did not keep his agreement to convey to the wife the real estate designated, and died without making such conveyance. The agreement was verbal, and hence specific performance could not be enforced, but she filed a claim against the estate based upon the agreement, and it was held that she could recover the value of her inchoate interest in the lands in the conveyance of which she joined under the terms of the agreement.

In the case of *Harrell* v. *Harrell,* 117 Ind. 94, it was held that where a husband loaned his wife money to be used in and for the benefit of her separate business, under an express promise that she would repay it, the husband had an equitable claim for repayment, which was enforceable by suit; and, to entitle him to recover, it was only necessary for him to show an express contract as a constituent element of his equitable claim. In that case, the wife borrowed money

from the husband under an express contract with him that she would repay it, and the court said the contract could be enforced. Here appellant, the wife, parted with a valuable right, with which the law invests her, and for relinquishing that right, the appellee, the husband, promised to pay to her a fixed and definite sum of money. It seems to us that the two cases are parallel in principle, and that there is no escape from the conclusion that appellant is entitled to enforce her rights under the contract by suit.

All the cases we have cited, so far as the principle involved is concerned, are in harmony, and we find none declaring a contrary doctrine. The appellant's right to recover under the facts averred in her complaint is not only supported by the law in the many cases cited, but it is well grounded in principles of equity. The contract relied upon is not one which she is inhibited by statute from making, and we see nothing in her marital relations which invalidates the contract.

The discussion so far has had reference to the first paragraph of the complaint. The second paragraph is based upon the same contract, and avers that appellee received and holds in trust for appellant the $1,000. Much that we have said applicable to the first paragraph is applicable also to the second, and further discussion is unnecessary. Counsel for appellee have called our attention to many authorities to the effect that contracts between husband and wife are not favorites of the law. There is no doubt about this rule, but it is not effective in cases of the character of the one now before us, where the contract is for the purpose of preserving or securing to the wife her inchoate interest in the husband's real estate. For this reason, we can not think it would be profitable to review the cases cited. The contract relied upon shows that appellant has under the contract such a claim as equity will enforce.

The judgment is reversed, and the court below is directed to overrule the demurrer to each paragraph of the complaint. Comstock, J., dissents.