## TOWNSEND, ADMINISTRATOR, *v.* HUNTZINGER.

[No. 6,110.   Filed February 6, 1908.]

1. CONTRACTS.—*Husband and Wife.—Common Law.—Equity.—*A contract between husband and wife was void at the common law, but enforceable in equity.   p. 225.

2. BILLS AND NOTES.—*Husband and Wife.*—Notes executed by a wife to her husband for money used by her in the payment of liens and for improvements of her separate property, are valid and enforceable.   p. 225.

3. DIVORCE.—*Decree.—Property Rights.*—All property rights growing out of the marriage relation are conclusively determined by the decree of divorce; but other property rights remain wholly unaffected thereby.   p. 225.

4. NEW TRIAL.—*Newly-Discovered Evidence.—How Presented.*— A motion for a new trial because of newly-discovered evidence, which does not contain the affidavit of the person who is supposed to testify to such new matters, nor account for the absence of such affidavit, presents no question.   p. 226.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Monroe Huntzinger against William L. Townsend, as administrator of the estate of Olive J. Townsend,

deceased. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*William S. Beeson,* for appellant.

*Henry C. Ryan* and *Marc Ryan,* for appellee.

WATSON, J.—The claim of appellee, which was filed against the estate of Olive J. Townsend, deceased, was based upon certain promissory notes · executed by decedent to appellee while they were husband and wife. It is averred that the first and second notes described in appellee's claim for the sum of $50. and $150, respectively, were executed as the evidence of unpaid purchase money for real estate bought by decedent from appellee and conveyed by him to her. The third note described in the claim, for $25, was given by decedent to appellee as evidence of money advanced by appellee to decedent to pay for the papering and painting of her home. The fourth note sued on, for $50, was for money advanced to decedent by appellee for the payment of interest and dues on a loan on decedent's separate real estate. The fifth note sued on, for $75, was given for money advanced by appellee to decedent to pay the balance of purchase money on her separate real estate.

In addition to the statutory defenses to this claim the appellant filed a special answer which was demurred to, but no ruling was had thereon, and the only error assigned in this court is the overruling of the motion for a new trial.

It appears from the record that decedent was the second wife of appellee, and that after the execution of said notes they were divorced. She was formerly the wife of the administrator, William L. Townsend, but they were divorced more than ten years prior to her death. The evidence is uncontradicted that the money was borrowed, notes executed, and the proceeds thereof went to the extinguishment of lien indebtedness on the separate property of decedent, and for the betterment of her separate property, as averred in said complaint.

It is contended that this claim is void for the reason that the transactions were between husband and wife. The rule of the common law was that a husband and wife

1. could not deal or contract with each other, but even then a contract between divorced parties, though not enforceable at law, was upheld in equity.

Under §7851 Burns 1908, §5115 R. S. 1881, a married woman is permitted to contract as *femme sole,* except as prohibited by statute. Section 7853 Burns 1908,

2. §5117 R. S. 1881, provides that she may, in her own name, as if she were unmarried, sell and dispose of her personal property, and may, in like manner, contract with reference to the same. By statute she is prohibited from selling, conveying or mortgaging her separate real estate, nor can she convey or mortgage the same unless joined in by her husband, and she is likewise prohibited from entering into any contract of suretyship, but these restraints are made so by the very terms of the statutes. There is no law nor good reason denying her the right to borrow money to be used for the betterment of her separate estate, or liquidation of any lien indebtedness thereon. Neither is she prohibited from borrowing from her husband, and no valid reason exists, either in law or equity, why she should not pay, when the money has been received by the wife under an express contract so to pay. *Anderson* v. *Citizens Nat.* *Bank* (1906), 38 Ind. App. 190; *Daily* v. *Daily* (1900), 26 Ind. App. 14; *Worth* v. *Patton* (1892), 5 Ind. App. 272; *Harrell* v. *Harrell* (1889), 117 Ind. 94; *Leach* v. *Rains* (1897), 149 Ind. 152.

It is also contended that by the decree of divorce by a court having jurisdiction of the subject-matter and the parties all property rights between the parties grow-

3. ing out of and connected with their marriage are deemed and held to be adjudicated, leaving all other

questions or rights, if any, between the divorced parties, to be settled as though the marriage relation had never existed. This is unquestionably the law, and has been so held since the very beginning of the judicial decisions of our State. *Fischli* v. *Fischli* (1825), 1 Blackf. *360; *Walker* v. *Walker* (1898), 150 Ind. 317; *Murray* v. *Murray* (1899), 153 Ind. 14; *Spencer* v. *Spencer* (1903), 31 Ind. App. 321; *Smith* v. *Smith* (1905), 35 Ind. App. 610; *Watson* v. *Watson* (1906), 37 Ind. App. 548. The decree in this case provided "that certain personal property heretofore used by the parties in common be divided," and specifically described it. It is also shown by the evidence that the notes were not mentioned or taken into account in the settlement of their property rights in the divorce proceedings.

One of the grounds assigned for a new trial is newly-discovered evidence. The motion was supported by the affidavit of appellant but there was no affidavit by the witness by whom the newly-discovered evidence was to be proven. Nor was the absence of this affidavit accounted for in any manner. It is well settled by the decisions of this State that the motion for a new trial, on the ground of newly-discovered evidence, shall be supported by such affidavit, or its absence be accounted for. *Quinn* v. *State* (1890), 123 Ind. 59; *Vandyne* v. *State* (1891), 130 Ind. 26; *Spaulding* v. *State* (1904), 162 Ind. 297; *Ogden* v. *Kelsey* (1892), 4 Ind. App. 299. In our view of the case, the conclusion reached was just and correct, and there is no error in the record that warrants its being disturbed.

Judgment affirmed.