## NULL, TRUSTEE, *v.* FIRST NATIONAL BANK OF TIPTON ET AL.

### [No. 11,704.   Filed April 22, 1924.]

1.  CONTRACTS.—*Consideration.—Wife's Relinquishment of Inchoate Interest in Husband's Lands.*—The relinquishment of a wife's inchoate interest in her husband's real estate is a valid consideration for a contract between them. p. 409.

2.  HUSBAND AND WIFE.—*Inchoate Interest of Wife.—Relinquishment.—Consideration for Contract Between Them.*—A contract between a husband and wife that if she will join him in the conveyance of his real estate, he will secure to her the remainder of the proceeds of the sale, after the payment of certain mortgages, is supported by a consideration, the relinquishment of a wife's inchoate interest in her husband's real estate constituting a consideration for a contract between them. p. 409.

3.  BANKRUPTCY.—*Preference of Creditors.—Wife's Payment of Indebtedness from Proceeds of Lands.—Statute.*—Under the laws of descent in this state, a wife is entitled to one-third of the real estate of her husband, free from the demands of creditors (§2483 R. S. 1881, §3014 Burns 1914), and such creditors cannot reach her interest therein by judgment and execution or bankruptcy proceedings, but, on a judicial sale and conveyance thereof, such third vests in the wife, under §2508 R. S. 1881, §3052 Burns 1914, from which, it follows that an agreement between a husband and wife that if she would join in the conveyance of his real estate, he would secure to her the remainder of the proceeds of the sale, after the payment of certain mortgages, is supported by a consideration, and, where the amount received by her was less in value than her third of said land, the payment by her of a mortgage which had been recorded within four months before bankruptcy proceeding against her husband was commenced, would not amount to a "preference" within Bankruptcy Act, §60, as amended in U. S. Comp. Stat. §9644, and, in the absence of a charge of fraud in the sale of the property, the general creditors could not complain. p. 410.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by Francis H. Null, as trustee in bankruptcy for Simon Rosenthal, Bankrupt, against the First National Bank of Tipton, in which Georgiana Rosenthal filed a cross-complaint. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Cleon Wade Mount* and *J. R. Coleman,* for appellant. *Gifford & Gifford,* for appellees.

REMY, C. J.—On May 4, 1915, Simon Rosenthal, being the owner in fee of certain real estate located in the city of Tipton, where he resided, mortgaged the same to the Farmers' Loan and Trust Company to secure a note for $4,000. On August 3, 1920, being indebted to the trust company in the further sum of $2,000, he executed a second mortgage on the real estate to secure that debt; and on September 14, 1921, a third mortgage to appellee bank to secure a note for $1,700. The note secured by the third mortgage was also executed by a son of Simon Rosenthal as surety. The first and second mortgages were each promptly recorded. The third mortgage was not recorded until January 9, 1922. On February 27, 1922, when all the indebtedness secured by the three mortgages remained unpaid, except a payment of $1,500 on the $4,000 note, and when Simon Rosenthal was indebted to other creditors in the sum of $3,631.91, and was insolvent, he sold the mortgaged real estate to Lee and Ray Moore. The consideration was $8,000. Appellee Georgiana Rosenthal, wife of Simon, knowing that her husband was insolvent, and knowing that the third mortgage note had been executed by her son as surety, and to protect herself, refused to join in the conveyance except upon condition that she should "receive all the money remaining from the sale after the payment of the first and second mortgages", it being agreed and understood, however, that

out of the money to be received by her, the amount of the note secured by the third mortgage was to be paid. The conditions upon which Georgiana Rosenthal would join in the conveyance, and which were reduced to writing and signed by her, were accepted and the sale consummated. Out of the $8,000 purchase money, the balance of the debts secured by the two senior mortgages, in the sum of $5,586.50, was paid; and the amount of the note secured by the third mortgage in the sum of $1,759.50 was paid to the appellee bank, the payment thereof being made by check of vendees payable to Simon Rosenthal, who, as agent of his wife, assigned it to the appellee bank. Before the vendees had paid to Georgiana Rosenthal that part of the purchase money which remained after the payment of the indebtedness secured by the three mortgages, and on April 10, 1922, Simon Rosenthal was adjudicated an involuntary bankrupt, and appellant was appointed trustee in bankruptcy. At the time of the sale of the real estate, Simon Rosenthal owned no other real property, but owned personal property of the value of $933.43, and no more, and was a householder, and as such entitled to an exemption of $600.

This suit was instituted by the trustee in bankruptcy against appellee bank to recover the amount paid to the bank out of the proceeds of the sale of the real estate in satisfaction of the third mortgage.

By leave of court, appellee Georgiana Rosenthal was made a party defendant, and filed a cross-complaint setting up that the portion of the consideration for the real estate, over and above the amount of the three mortgages, had not yet been paid, and asked that the court adjudge that she was the owner thereof, and that she be authorized to collect the same from vendees.

The cause having been put at issue, the court found the facts specially, and stated conclusions of law in fa-

vor of appellees, and judgment was rendered accordingly.

The only error assigned and properly presented is the action of the court in overruling motion for new trial, and the only grounds suggested for a new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

On the trial, the evidence, without conflict, established the facts stated above. The one question for determination is whether or not the decision is contrary to law.

It is urged by appellant that since the third mortgage was recorded within four months prior to the adjudication of bankruptcy, the payment of the 1, 2. mortgage debt out of the proceeds received from the sale of the real estate was, under the facts shown by the evidence, a payment by the bankrupt, and amounted to a preference, within the meaning of §60 of the U. S. Bankruptcy Act of July 1, 1898, Chapter 541, as amended, §9644 U. S. Comp. Stat. 1916. On the other hand, appellees, who concede that the mortgage, having been recorded within four months prior to the bankruptcy, was not a lien on the real estate as against other creditors, contend that since Simon Rosenthal, as his wife knew, was insolvent at the time of the sale of the real estate, she, in order to protect her inchoate interest, was within her legal rights in requiring that the proceeds of the real estate, over and above the amount of the debt secured by the first and second mortgages, be turned over to her. A determination of the question presented will require a consideration of the agreement by which Georgiana Rosenthal was induced to join her husband in the conveyance. If that agreement is valid, the judgment must be affirmed, otherwise reversed.

It is well settled that the relinquishment of a wife's

inchoate interest in her husband's real estate will constitute a valuable consideration. *Dailey* v. *Dailey* (1900), 26 Ind. App. 14, 58 N. E. 1065; *Brown* v. *Rawlings* (1880), 72 Ind. 505.

It appears from the evidence that the money received from the real estate in excess of the first and second mortgages was less than one-third of the total consideration paid. There is no charge of fraud in the sale on the part of Georgiana Rosenthal, or any one else. The general creditors could have reached the real estate only by judgment or by bankruptcy, and, by neither course, could they have reached the one-third which, under the statute, would, in the event of judicial sale, have vested in the wife. §2508 R. S. 1881, §3052 Burns 1914. In dictating the terms upon which she would join in the conveyance, Georgiana Rosenthal was within her legal rights. In no other way could her interest in the real estate have been protected with so little cost to herself and the creditors. *Baldwin* v. *Heil* (1900), 155 Ind. 682, 58 N. E. 200. The creditors were in no way harmed. On the contrary, they were favored, for, out of the funds which would have gone to her if there had been a judicial sale, nearly $2,000 of the indebtedness was paid. It may be, as suggested by appellant, that Georgiana Rosenthal wanted to protect her son who was surety on the third mortgage note; but that fact would not render the transaction void. The note was paid out of the money to go to her under the contract.

Affirmed.